# Exhibit 1

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Eugene Y. Turin (SBN 342413)
McGuire Law, P.C., 10089 Willowcreet Rd., #200,
San Diego, CA 92131

TELEPHONE NO.: (312) 893-7002     FAX NO. *(Optional)*:
E-MAIL ADDRESS: eturin@mcgpc.com
ATTORNEY FOR *(Name)*: Stacy Penning

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Penning v. MedicineNet, Inc. et al.

*FOR COURT USE ONLY*

Electronically Filed by
Superior Court of California
County of Contra Costa
5/27/2025 8:00 AM
By: C. Padilla, Deputy

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited**    [ ] **Limited** | [ ] Counter    [ ] Joinder | C25-01456 |
| (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: 1: California Invasion of Privacy Act, Cal. Pen. Code § 630 et seq.
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/26/2025

Eugene Y. Turin
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**
Processed by Court on 5/28/2025 12:04 PM

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

CM-010 [Rev. September 1, 2021]                    **CIVIL CASE COVER SHEET**                    **Page 2 of 2**

Electronically Filed Superior Court of CA County of Contra Costa 5/27/2025 8:00 AM By: C. Padilla, Deputy

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

Per local Rule, This case is assigned to Judge Weil, Edward G, for all purposes.

*Counsel for Plaintiff and the Putative Class Members*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals,<br><br>                        Plaintiff,<br><br>        v.<br><br>MEDICINENET, INC. and WebMD LLC,<br><br>                        Defendants. | Case No.   C25-01456<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Invasion of Privacy Act, Cal. Pen. Code § 630 *et seq.***<br><br>DEMAND FOR JURY TRIAL<br><br>SUMMONS ISSUED |

<u>**CLASS ACTION COMPLAINT**</u>

Plaintiff Stacy Penning ("Plaintiff") brings this Class Action Complaint against Defendant Medicinenet, Inc. ("Medicinenet" or "medicinenet.com") and WebMD LLC ("WebMD", collectively with Medicinenet, "Defendants"), to stop Defendants' unlawful tracking and disclosure of their medicinenet.com website visitors' statutorily protected information and to seek redress for all those who have been harmed by Defendants' misconduct. In particular, Defendants share the contents of their website visitors' electronic communications with third-party parties without first obtaining

valid consent. Plaintiff alleges as follows based on his individual personal knowledge, acts, and experiences and as to all other matters, on information and belief, including an investigation by his attorneys.

## NATURE OF THE CASE

1.      This is a class action suit brought against Defendants for privacy violations pursuant to the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code. § 630, *et seq*.

2.      Defendants, upon information and belief, own and operate medicinenet.com (the "Website"), which provides a medical dictionary and information about diseases, conditions, medications, and general health to their Website visitors.

3.      Unbeknownst to their Website visitors, Defendants have knowingly installed pixels and other tracking technologies developed by third party advertisers, including the Amazon Pixel, to intercept, collect, and disclose the contents of their Website visitors' electronic communications.

4.      Defendants knowingly disclose and aide and abet the interception of this information to third-party tracking, analytic, and advertising providers so that they can target specific users with tailored advertisements based on their interactions with Defendants' Website and online website activity.

5.      Defendants disclose, and allow other third parties to intercept, their Website visitors' statutorily protected information without their knowledge or consent. In doing so, Defendants have violated CIPA, and the privacy rights of Plaintiff and the other Class members.

6.      Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendants' practices of knowingly disclosing and aiding the interception of their Website visitors' statutorily protected information to third-parties.

CLASS ACTION COMPLAINT                                    2

CASE NO.

## JURISDICTION AND VENUE

7.    This Court has subject-matter jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10 and Article VI, § 10 of the California Constitution.

8.    This Court has personal jurisdiction over Defendants because a substantial part of the events giving rise to the claims asserted herein occurred in this County, as Plaintiff resides in this County and was subject to Defendants' unlawful conduct in this County.

9.    Venue is proper within this judicial district as the acts from which this dispute arose occurred within this judicial district.

## PARTIES

10.    Plaintiff Stacy Penning is a resident of El Cerrito, California.

11.    Defendant MedicineNet is a corporation formed under the laws of California.

12.    Defendant WebMD LLC is a corporation formed under the laws of Delaware.

## COMMON FACTUAL ALLEGATIONS

**I.    The California Invasion of Privacy Act**

13.    CIPA was enacted "to protect the right of privacy of the people of [California]." Cal. Penal Code § 630. The California Legislature was concerned about emergent technologies that allowed for "eavesdropping upon private communications," believing such technologies "created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." *Id.*

14.    As part of CIPA, the California Legislature enacted § 631(a), which prohibits any person or entity from [i] "intentionally tap[ping], or mak[ing] any unauthorized connection … with any telegraph or telephone wire," [ii] "willfully and without the consent of all parties to the communication … read[ing], or attempt[ing]

CLASS ACTION COMPLAINT                    3
                                    CASE NO.

to read, or to learn the contents or meaning of any … communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within [California]," or [iii] "us[ing], or attempt[ing] to use … any information so obtained."

15.    CIPA § 631(a) also penalizes [iv] those who "aid[], agree[] with, employ[], or conspire[] with any person" who conducts the aforementioned wiretapping, or those who "permit" the wiretapping.

16.    § 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *Jee Javier v. Assurance IQ, LLC,* 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

17.    Individuals may bring an action under CIPA §§ 631 for $5,000 per violation. Cal. Penal Code § 637.2(a)(1).

## II.    Defendants Intercepted and Disclosed the of Contents of Website Visitors' Electronic Communications to Third Parties.

18.    Defendants, upon information and belief, operate medicinenet.com which receives over 7.2 million monthly visits.

19.    Defendants' Website provides a medical dictionary and information about diseases, conditions, medications, and general health to their Website visitors.

20.    Information about a person's physical and mental health is among the most confidential and sensitive information in our society, and the mishandling of medical information can have serious consequences, including discrimination in the workplace or denial of insurance coverage. If people do not trust that their medical information will be kept private, they may be less likely to seek medical treatment which can lead to more serious health problems. Additionally, protecting medical information, such as a website user's interaction with an online health resources, or search terms containing medical conditions, is necessary to maintain public trust by entities, like Defendants, that act as a resource.

21.    Unfortunately, Website visitors are not provided notice or specifically asked to consent to Defendants sharing and disclosing, or aiding and abetting in the interception of, the contents of their communications to third parties, including which buttons they click, the exact text and phrases they type into search box queries, and detailed information about which types of database entries they have selected on Defendants' Website.

22.    However, despite not obtaining informed consent from their Website visitors, Defendants disclose, and aid in the interception of, the contents of their electronic communications to various third parties.

23.    Specifically, a live data-traffic analysis of Defendants' Website shows that Defendants incorporated and installed third-party tracking technologies into their Website so that whenever their Website visitors interact with Defendants' Website, the contents of their communications are intercepted in real time while in transit by such third parties, including Amazon via the Amazon Ads Tracking Pixel (the "Amazon Pixel").

24.    The Amazon Pixel is a piece of code that online media providers, like Defendants, can integrate into their websites. Once activated, the Amazon Pixel tracks users' electronic communications and online activity and the type of actions they take on the website and disseminates that information to Amazon.

25.    For example, if a Website visitor were to visit a specific webpage inquiring about pregnancy, Defendants would disclose that information in the form of a URL request (as shown below):

26.    Further, if a Website visitor were to type specific language into a search query, such as "pregnancy", Defendants would disclose that information in the form of a URL request (as shown below):

27.    In sum, Defendants collect, disclose, and aid and abet in the collection and disclosure of, contents of their Website visitors' communications, including information about which buttons they click, the exact text and phrases they type into search box queries, and detailed information about which types of database entries they have selected on Defendants' Website.

28.     Defendants do not, however, obtain Website visitors' prior consent to disclose such information.

29.     Defendants' Website visitors expect that they are communicating directly with Defendants via Defendants' Website, however, the contents of Website visitors' communications with the Website are, in real time, being disclosed to, and intercepted by, undisclosed third parties.

30.     Therefore, Defendants also aided and conspired with third party tracking entities to intercept their Website visitors' electronic communications, because Defendants knowingly installed tracking technologies on their Website and knew such communications would be intercepted as a result.

31.     As a result, Defendants have violated the CIPA.

**FACTS SPECIFIC TO PLAINTIFF**

32.     Plaintiff is a Website visitor of medicinenet.com and has visited the Website within the past two years.

33.     At all relevant times, Plaintiff has been an Amazon account holder.

34.     Plaintiff has used Defendants' Website to view medical webpage articles, and type phrases into search boxes about specific medical conditions within the past two years.

35.     Each time Plaintiff interacted with Defendants' Website, Defendants knowingly and intentionally disclosed, and aided and abetted in the interception of, the contents of Plaintiff's electronic communications, including specifically the information about which buttons he clicked, the exact text and phrases he typed into search box queries, and detailed information about which types of database entries he has selected, to third parties.

36.     Plaintiff never specifically and separately consented, agreed, authorized, or otherwise permitted Defendants to disclose, and aid in the interception of, the contents of his electronic communications to third parties.

CLASS ACTION COMPLAINT                                    7

CASE NO.

37.    To this day, Plaintiff is unaware of the status of the contents of his electronic communications, to whom it has been disclosed, and who has possession and retained his electronic communications as a result of Defendants' illegal conduct.

38.    After interacting with Defendants' Website, Plaintiff received unsolicited advertisements and marketing emails that were related to his searches and content viewed on Defendants' Website, including receiving advertisements and emails from Amazon and other third parties.

39.    By intercepting and aiding third parties to intercept Plaintiff's contents of his electronic communications, which revealed his interactions with Defendants' Website, Defendants have intentionally and knowingly violated Plaintiff's privacy rights.

40.    As such, Plaintiff is entitled to statutory damages.

## CLASS ALLEGATIONS

41.    Plaintiff brings this action individually and on behalf of a Class (the "Class") defined as follows:

Class: All persons within the state of California who, during the relevant limitations period, visited Defendants' Website and clicked a button requesting a webpage or typed a phrase into a search box.

42.    Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

43.    Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class are currently unknown to Plaintiff, the members can be easily identified through Defendants' records.

44.    Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' privacy violations.

45.    There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a)    Whether Defendants knowingly disclosed Class members' contents of their electronic communications to third parties;

(b)    Whether Class members provided consent to Defendants' disclosure of their communications to third parties;

(c)    Whether Defendants aided third parties in the interception of Class members' communications on their Website;

(d)    Whether the Class members are entitled to damages and other relief as a result of Defendants' conduct.

46.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

47.    Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of

the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

48. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

<u>**FRAUDULENT CONCEALMENT AND TOLLING**</u>

49. The applicable statute of limitations are tolled by virtue of Defendants' knowing and active concealment of the facts alleged above. Plaintiff and Class members were ignorant of the information essential to the pursuit of these claims, without any fault or lack of diligence on their own part.

50. At the time the action was filed, Defendants were under a duty to disclose the true character, quality, and nature of its activities to Plaintiff and the Class. Defendants are therefore estopped from relying on any statute of limitations.

51. Defendants' fraudulent concealment is common to the Class.

<u>**COUNT ONE**</u>
**Violations of the California Invasion of Privacy Act**
**Cal. Pen. Code § 631(a)**
**(On behalf of Plaintiff and the Class)**

52. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

53. CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192-93 (1978). Therefore, to impose liability under CIPA § 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," commits any of the following:

(i) intentionally tapped, or made any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, cable, or instrument of any internal telephonic communication system;

*or*

(ii) willfully and without consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state; or (iii) uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained;

*or*

(iv) aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit or cause to be done any of the acts or things mentioned above in this section. Cal. Pen. Code. § 631 (a).

54.     The third-party activity tracking technologies Defendants programmed into their website are each a "machine, instrument, contrivance, or … other manner" used to read or learn the contents or meaning of messages, reports, or communications between Plaintiff and Class members and Defendants.

55.     Defendants' third-party tracking vendors were third parties to communications between Plaintiff and the Class members and Defendants.

56.     Defendants' third-party tracking vendors willfully and without the consent of all parties to the communication, or in any unauthorized manner, read, attempted to read, and/or learned the contents or meaning of electronic communications between Plaintiff and the Class members, on the one hand, and

Defendants, on the other, while the electronic communications were in transit or were being sent from or received at a place within California.

57. Defendants aided and conspired, agreed with, employed, permitted, or otherwise enabled their third-party tracking vendors to wiretap Plaintiff's and the other Class members' contents of their electronic communications using their third-party tracking technologies. Defendants knew that the third-party tracking technology they installed on their Website would result in the disclosure of user communications to third parties, as increasing their advertising presence on other platforms was one of Defendants' purposes for implementing such technology.

58. Plaintiff and the Class members did not provide their prior consent to such third parties' access, interception, reading, learning, recording, collection, and usage of their electronic communications. Nor did Plaintiff and the Class members provide their prior consent to Defendants aiding, agreeing with, employing, permitting, or otherwise enabling their third-party vendors' conduct.

59. Plaintiff and the other members of the Class seek all relief available under Cal. Pen. Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of and the Class, pray for the following relief:

1. An order certifying the Class as defined above;

2. An order declaring that Defendants' conduct violates CIPA;

3. An order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

4. An award of statutory damages under CIPA to the Class;

5. For punitive damages, as warranted, in an amount to be determined at trial;

6. An award of attorney's fees and costs; and

7. Award such further relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: May 26, 2025                    Respectfully submitted,

STACY PENNING, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
10089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

Electronically Filed Superior Court of CA County of Contra Costa 5/27/2025 8:00 AM By: C. Padilla, Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MEDICINENET, INC., and WEBMD, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STACY PENNING, individually and on behalf of similarly situated individuals

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of California, Contra Costa County<br>725 Court Street, Martinez, CA 94553 | CASE NUMBER: *(Número del Caso):*<br>C25-01456 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eugene Y. Turin, SBN: 342413, McGuire Law, P.C. 10089 Willowcreek Rd., #200, San Diego, CA 92131, (312) 893-7002

| DATE:<br>*(Fecha)* | 5/27/2025 8:00 AM | Clerk, by<br>*(Secretario)* | /s/ C. Padilla | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario  Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served



[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify):

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100  [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

Processed by Court on 5/28/2025 12:04 PM

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



F. Li
Court Executive Officer

| CASE NAME: | CASE NUMBER: |
|---|---|
| STACY PENNING VS. MEDICINENET, INC. | C25-01456 |

**NOTICE OF ASSIGNMENT TO  DEPARTMENT 39 FOR CASE MANAGEMENT DETERMINATION**

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. THIS MATTER HAS BEEN ASSIGNED TO Department 39, Judge EDWARD G WEIL PRESIDING, FOR ALL PURPOSES; DEPARTMENT 39 IS DESIGNATED AS THE COMPLEX LITIGATION DEPARTMENT OF THE COURT AND AS SUCH (a) HEARS ALL CASES WHEREIN A DESIGNATION OF COMPLEX CASE HAS BEEN MADE AND (b) CONDUCTS HEARINGS, IN CASES THAT THIS COURT DETERMINES, ON A PRELIMINARY BASIS MAY BE COMPLEX, TO DETERMINE WHETHER THE CASE SHOULD REMAIN IN THE COMPLEX LITIGATION PROGRAM.
2. ALL COUNSEL ARE REQUIRED TO APPEAR IN DEPARTMENT 39 ON 09/22/2025 AT 8:30 AM
   a) IF THE CASE HAS BEEN DESIGNATED AS COMPLEX, AND NO COUNTER DESIGNATION HAS BEEN FILED, THE COURT WILL HOLD ITS FIRST CASE MANAGEMENT CONFERENCE AT THAT TIME.
   b) IF THE CASE HAS BEEN ASSIGNED TO DEPARTMENT 39 ON A PRELIMINARY BASIS THE COURT WILL HOLD A HEARING TO DETERMINE IF THE MATTER IS, OR IS NOT, COMPLEX. IF THE MATTER IS DETERMINED TO BE COMPLEX, THE COURT WILL THEN PROCEED WITH THE FIRST CASE MANAGEMENT CONFERENCE.
3. EACH PARTY SHALL FILE AND SERVE A CASE MANAGEMENT CONFERENCE STATEMENT FIVE (5) DAYS BEFORE THIS HEARING AND BE PREPARED TO PARTICIPATE EFFECTIVELY IN THE CONFERENCE, INCLUDING BEING THOROUGHLY FAMILIAR WITH THE CASE AND ABLE TO DISCUSS THE SUITABILITY OF THE CASE FOR PRIVATE MEDIATION, ARBITRATION OR THE USE OF A SPECIAL MASTER OR REFEREE.
4. PRIOR TO THE CONFERENCE COUNSEL FOR PLAINTIFF SHALL MEET AND CONFER WITH COUNSEL FOR EACH OTHER PARTY IN AN EFFORT TO PRECISELY DEFINE THE ISSUES IN THE CASE, DISCUSS THE POSSIBILITY OF EARLY MEDIATION, THE IDENTITIES OF POSSIBLE OTHER PARTIES, AND THEIR RESPECTIVE PLANS FOR DISCOVERY.
5. UNTIL THE TIME OF THE CONFERENCE THE FOLLOWING INTERIM ORDERS SHALL BE IN EFFECT:
   a) PLAINTIFF SHALL DILIGENTLY PROCEED IN LOCATING AND SERVING EACH AND EVERY DEFENDANT. IT IS THE COURT'S INTENTION THAT EACH PARTY BE SERVED IN SUFFICIENT TIME TO HAVE ENTERED AN APPEARANCE WITHIN THE TIME ALLOWED BY LAW AND TO ATTEND THE FIRST CONFERENCE.
   b) ALL DISCOVERY SHALL BE STAYED EXCEPTING AS ALL PARTIES TO THE ACTION MIGHT OTHERWISE STIPULATE OR THE COURT OTHERWISE ORDER.
   c) NO PARTY SHALL DESTROY ANY WRITING OR OTHER EVIDENCE IN ITS POSSESSION OR UNDER ITS CONTROL WHICH BEARS IN ANY WAY UPON THE MATTERS WHICH ARE THE SUBJECT OF THIS LITIGATION.
   d) WITHIN THE TIME FOR ANY PARTY TO FILE AN ANSWER OR DEMURRER SUCH PARTY MAY ALTERNATIVELY FILE A NOTICE OF GENERAL APPEARANCE. IN SUCH EVENT THE TIME FOR FILING OF AN ANSWER OR DEMURRER SHALL BE EXTENDED TO TWENTY (20) DAYS FOLLOWING THE FIRST CONFERENCE UNLESS THE COURT SHALL, AT THAT TIME, SET A DIFFERENT SCHEDULE.
   e) COUNSEL FOR EACH PARTY SHALL DO A CONFLICT CHECK TO DETERMINE WHETHER SUCH COUNSEL MIGHT HAVE A POSSIBLE CONFLICT OF INTEREST AS TO ANY PRESENT OR CONTEMPLATED FUTURE PARTY.

BY ORDER OF THE COURT

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



F. Li
Court Executive Officer

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**
I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CA AS INDICATED ABOVE.

DATE:    5/28/2025

BY:    C.  PADILLA DEPUTY CLERK

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C25-01456 ON 5/28/2025:

EUGENE Y. TURIN
55 W WACKER DR 9TH FL
CHICAGO IL  60601

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 342413 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Eugene Y. Turin | | |

NAME: Eugene Y. Turin

FIRM NAME: McGuire Law, P.C.

STREET ADDRESS: 1089 Willowcreek Road, Suite 200

CITY: San Diego    STATE: CA    ZIP CODE: 92131

TELEPHONE NO.: (312) 893-7002    FAX NO. :

E-MAIL ADDRESS: eturin@mcgpc.com

ATTORNEY FOR (Name): Plaintiff, Stacy Penning

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** CONTRA COSTA

STREET ADDRESS: 725 Court Street

MAILING ADDRESS:

CITY AND ZIP CODE:    Martinez, CA 94553

BRANCH NAME: Wakefield Taylor Courthouse

Plaintiff/Petitioner: Stacy Penning

Defendant/Respondent: MEDICINENET, INC., WEBMD LLC,

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: C25-01456 |
|---|---|

TO (insert name of party being served): WebMD, LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 5/29/2025

| Eugene Y. Turin | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE) |

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [ ] Other (specify):

(To be completed by recipient):

Date this form is signed:    June 17, 2025

| Freddy I. Fonseca, Esq. | |
|---|---|
| (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED) | (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY) |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

Processed by Court on 7/22/2025 2:00 PM

Electronically Filed Superior Court of CA County of Contra Costa 7/23/26 AM By: T. Scofield, Deputy

**FAEGRE DRINKER BIDDLE & REATH LLP**
PAUL A. ROSENTHAL (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:      +1 973 549 7000
Facsimile:      +1 973 360 9831

FREDDY I. FONSECA (SBN 311311)
freddy.fonseca@faegredrinker.com
KAYLEE A. RACS (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:      +1 310 203 4000
Facsimile:      +1 310 229 1285

Attorneys for Defendant
WEBMD LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. and WebMD LLC,<br><br>Defendants. | Case No. C25-01456<br><br>Hon. Edward G. Weil<br>Dept. 39<br><br>**DEFENDANT WEBMD LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>Complaint filed:      May 27, 2025<br>Date removed:      July 16, 2025 |

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

Processed by Court on 7/18/2025 12:43 PM

**TO THE CLERK OF THIS COURT AND TO THE ABOVE-NAMED PLAINTIFF AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 16, 2025, Defendant WebMD LLC filed a Notice of Removal in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  A true and correct copy of the Notice of Removal and supporting documents filed in the United States District Court is attached hereto as Exhibit A.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of this Notice with this Court, effects removal of this action.  Therefore, this Court may proceed no further with the action of Plaintiff Stacy Penning, individually and on behalf of all other similarly situated unless and until this action is remanded.

Dated: July 17, 2025                      **FAEGRE DRINKER BIDDLE & REATH LLP**


By: _/s/ Paul A. Rosenthal_____
　　　Paul A. Rosenthal
　　　Freddy I. Fonseca
　　　Kaylee A. Racs

　　　Attorneys for Defendant
　　　WEBMD LLC

Faegre Drinker Biddle &
Reath LLP
Attorneys at Law
Los Angeles

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT A

Penning - Ex. A to State Court Notice of Removal

**FAEGRE DRINKER BIDDLE & REATH LLP**
PAUL A. ROSENTHAL (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:    +1 973 549 7000
Facsimile:    +1 973 360 9831

FREDDY I. FONSECA (SBN 311311)
freddy.fonseca@faegredrinker.com
KAYLEE A. RACS (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:    +1 310 203 4000
Facsimile:    +1 310 229 1285

Attorneys for Defendant
WEBMD LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY PENNING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. and WebMD LLC,<br><br>Defendants. | Case No. 3:25-cv-5992<br><br>(Removed from the Contra Costa County Superior Court Case No. C25-01456)<br><br>**DEFENDANT WEBMD LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed Concurrently with Rosenthal Declaration, Lohse Declaration, and Certification of Conflicts and Interested Entities or Persons]<br><br>Complaint filed:     May 27, 2025<br>Date removed:     July 16, 2025 |

DEFENDANT'S NOTICE OF REMOVAL

Defendant WebMD LLC ("WebMD,"), by and through its counsel, hereby removes the above-entitled action from the Superior Court of California, County of Contra Costa, to the United States District Court for the Northern District of California. Removal is warranted pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), the above captioned action, which was originally filed in the Superior Court for the State of California, County of Contra Costa, and assigned Case No. C25-01456.

In support of their Notice of Removal, WebMD states as follows:

## I.  SUMMARY OF COMPLAINT

1. On May 27, 2025, plaintiff Stacy Penning, individually and on behalf of all others similarly situated filed a Class Action Complaint for Violations of the California Invasion of Privacy Act in the Superior Court for the State of California, County of Contra Costa, entitled *Stacy Penning, individually and on behalf of all others similarly situated v. Medicinenet, Inc. and WebMD LLC*, Case No. C25-01456 (the "Complaint" or "Compl.").

2. Copies of all process, pleadings, and orders filed in this action are attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

3. Plaintiff's Complaint asserts a single claim for violation of California Penal Code § 631(a) arising from Defendants' alleged installation of Amazon Pixel software on the website www.medicinenet.com.

4. The Complaint names WebMD and MedicineNet, Inc. ("MedicineNet") as Defendants. MedicineNet is a defunct entity that conducts no business in any state. Declaration of Paul A. Rosenthal ("Rosenthal Decl.") ¶ 2, Ex. A; *see also* Declaration of Tyler Lohse ("Lohse Decl.") ¶ 4.

5. The Complaint does not name any fictitious or "DOE" defendants.

## II.  MEDICINENET IS A DEFUNCT ENTITY WHOSE PRESENCE DOES NOT PREVENT REMOVAL

6. The Complaint alleges that "Defendant MedicinetNet is a corporation formed under the laws of California." Compl. ¶ 11.

7.      MedicineNet is a defunct entity that conducts no business in any state. Rosenthal Decl. ¶ 2, Ex. A; Lohse Decl. ¶ 4.

8.      Thus, MedicineNet does not count for purposes of determining whether removal is proper. *Monolith Portland Midwest Co. v. Reconstruction Finance Corp.*, 282 F. 2d 439, 443 (9th Cir. 1960) ("[A]n action by or against a corporation abates when the corporation goes out of existence."); *Strotek Corp. v. Air Transport Ass'n of America*, 300 F. 3d 1129, 1133–34 (9th Cir. 2002) (parties who lack the capacity to be sued are not considered for purposes of determining federal jurisdiction).

## III.      <u>REMOVAL IS APPROPRIATE AND TIMELY</u>

### a.   Jurisdiction

9.      This action is removable pursuant to 28 U.S.C. § 1441, which permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction," and CAFA, 28 U.S.C. § 1332(d), which grants U.S. District Courts original jurisdiction over, and permits removal of, class actions in which: (i) any member of a class of plaintiffs is a citizen of a State different from any defendant ("minimal diversity"); (ii) the defendant is not a governmental entity; (iii) the proposed class contains at least 100 members; and (iv) the matter in controversy exceeds $5,000,000, exclusive of interests and costs.

10.     "[N]o antiremoval presumption attends cases invoking CAFA . . . in part because the statute was enacted to facilitate adjudication of certain class actions in federal court." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992–93 (9th Cir. 2022). As set forth below, this case meets all the requirements for jurisdiction under CAFA.

### b.   Timeliness

11.     This notice of removal is timely filed. Under 28 U.S.C. § 1446(b), "[e]ach defendant shall have 30 days after . . . service on that defendant of the initial pleading or summons . . . to file the notice of removal." Here, Defendant's counsel accepted service on behalf of WebMD on June 17, 2025. Rosenthal Decl. ¶ 3, Ex. B.

12.     WebMD has until July 17, 2025 to complete timely removal. 28 U.S.C. § 1446(b). WebMD filed this notice of removal on July 16, 2025, within thirty days after counsel accepted service of the Complaint on WebMD's behalf.

### c.   Minimal Diversity of Citizenship

13.     At least one plaintiff or putative class member is a citizen of a different state than WebMD.

14.     Plaintiff alleges that he is a citizen of California. Compl. ¶ 10.

15.     Plaintiff seeks to represent a class of "[a]ll persons within California who, during the relevant limitations period, visited Defendants' Website and clicked a button requesting a webpage or typed a phrase into a search box." Compl. ¶ 41. WebMD is informed and believes that the vast majority, if not the entirety, of purported class members are alleged to be citizens of California. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (allegations of citizenship may be based solely on information and belief).

16.     The Complaint alleges that WebMD is a "corporation formed under the laws of Delaware." Compl. ¶ 12. WebMD is a Delaware limited liability company, whose principal place of business is in New Jersey. Rosenthal Decl. ¶¶ 4, 5, Exs. C & D; *see also* Lohse Decl.¶¶ 2, 3.

17.     Accordingly, WebMD is a citizen of Delaware and New Jersey for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c); 28 U.S.C. § 1332(d)(10); *see also Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714 (N.D. Cal. 2021).

18.     Accordingly, WebMD is *not* a citizen of the State of California within the meaning of the Acts of Congress.

19.     Thus, there is minimal diversity of the parties under CAFA. 28 U.S.C. § 1332(d)(2).

### d.   WebMD Is Not a Governmental Entity

20.     WebMD is the primary defendant in this action, and is not a State, State official, or other governmental entity.

21.     Defunct defendant MedicineNet is not a State, State official, or other governmental entity.

### e.   Proposed Class Exceeds 100 Members

22. The Complaint states: "[u]pon information and belief, there are thousands of members of the Class." Compl. ¶ 43. By alleging a class size of "thousands," the Complaint thus "implies a logical minimum of 2,000 class members." *Kuxhausen v. BMW Fin. Servs.* NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013). Accordingly, the proposed class is greater than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

### f. Amount In Controversy

23. The amount in controversy is the amount at stake in the underlying litigation. *Jauregui*, 28 F.4th at 994. Importantly, this "does not mean likely or probable liability; rather, it refers to possible liability." *Id*. (citation omitted).

24. WebMD denies the validity and merit of Plaintiff's alleged claims, and disputes that this action is appropriate for class treatment under Rule 23. But for purposes of setting forth grounds for this Court's jurisdiction—and without conceding that Plaintiff or the putative class are entitled to damages or any relief whatsoever—it is apparent that although the Complaint does not affirmatively specify a damages figure, the aggregated claims of the putative class exceeds CAFA's jurisdictional minimum.

25. The Complaint alleges "Plaintiff and the other members of the Class seek all relief available under Cal. Pen. Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation." Compl. ¶ 59. The Complaint thus purports to seek at least $5,000 for each violation on behalf of Plaintiff and each alleged class member.

26. Under Plaintiff's theory (i.e., $5,000 for each violation), even a putative class of just 1,001 class members, and one violation per putative class member ($5,000 x 1,001), would result in a class claim of over $5,000,000 in the aggregate. Here, Plaintiff alleges a proposed class that he believes to contain "thousands"—i.e., "a … minimum of 2,000," *Kuxhausen*, 707 F.3d at 1140— of individuals, which results in an amount in controversy of at least $10,000,000, well over CAFA's amount-in-controversy threshold.

## IV. VENUE FOR REMOVAL

27. Because this action is brought in the Contra Costa County Superior Court, venue for purposes of removal is proper in this Court under 28 U.S.C. § 84(a): this District embraces Contra

Costa County, California, the place where the removed action has been pending. *See* 28 U.S.C. §§ 1441(a) and 1446(a).

## IV. <u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

In accordance with 28 U.S.C. § 1446(d), WebMD will promptly provide written notice to counsel of record for Plaintiff and will promptly file a copy of this Notice of Removal with the Contra Costa County Superior Court.

## V. <u>CONCLUSION</u>

For the foregoing reasons, this Court has jurisdiction to hear this case. WebMD has thus properly removed the underlying action to this Court.

Dated: July 16, 2025 **FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Paul A. Rosenthal*

Paul A. Rosenthal
Freddy I. Fonseca
Kaylee A. Racs

Attorneys for Defendant
WebMD LLC

Case 4:25-cv-05997   Document 1-1   Filed 07/17/25   Page 30 of 146

# Exhibit 1

Case 4:25-cv-05997   Document 1-1   Filed 07/17/25   Page 30 of 146

Electronically Filed Superior Court of CA County of Contra Costa 5/27/2025 8:00 AM By C. Padilla, Deputy

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

Per local Rule, This case is assigned to
Judge Weil, Edward G, for all purposes.

*Counsel for Plaintiff and the Putative Class Members*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA

STACY PENNING, individually and on behalf of similarly situated individuals,

Plaintiff,

v.

MEDICINENET, INC. and WebMD LLC,

Defendants.

Case No.   C25-01456

**CLASS ACTION COMPLAINT**

1. **Violation of California Invasion of Privacy Act, Cal. Pen. Code § 630** *et seq.*

DEMAND FOR JURY TRIAL

SUMMONS ISSUED

<u>**CLASS ACTION COMPLAINT**</u>

Plaintiff Stacy Penning ("Plaintiff") brings this Class Action Complaint against Defendant Medicinenet, Inc. ("Medicinenet" or "medicinenet.com") and WebMD LLC ("WebMD", collectively with Medicinenet, "Defendants"), to stop Defendants' unlawful tracking and disclosure of their medicinenet.com website visitors' statutorily protected information and to seek redress for all those who have been harmed by Defendants' misconduct. In particular, Defendants share the contents of their website visitors' electronic communications with third-party parties without first obtaining

CLASS ACTION COMPLAINT

CASE NO.

valid consent. Plaintiff alleges as follows based on his individual personal knowledge, acts, and experiences and as to all other matters, on information and belief, including an investigation by his attorneys.

<u>**NATURE OF THE CASE**</u>

1. This is a class action suit brought against Defendants for privacy violations pursuant to the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code. § 630, *et seq*.

2. Defendants, upon information and belief, own and operate medicinenet.com (the "Website"), which provides a medical dictionary and information about diseases, conditions, medications, and general health to their Website visitors.

3. Unbeknownst to their Website visitors, Defendants have knowingly installed pixels and other tracking technologies developed by third party advertisers, including the Amazon Pixel, to intercept, collect, and disclose the contents of their Website visitors' electronic communications.

4. Defendants knowingly disclose and aide and abet the interception of this information to third-party tracking, analytic, and advertising providers so that they can target specific users with tailored advertisements based on their interactions with Defendants' Website and online website activity.

5. Defendants disclose, and allow other third parties to intercept, their Website visitors' statutorily protected information without their knowledge or consent. In doing so, Defendants have violated CIPA, and the privacy rights of Plaintiff and the other Class members.

6. Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendants' practices of knowingly disclosing and aiding the interception of their Website visitors' statutorily protected information to third-parties.

CLASS ACTION COMPLAINT      2

CASE NO.

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10 and Article VI, § 10 of the California Constitution.

8.      This Court has personal jurisdiction over Defendants because a substantial part of the events giving rise to the claims asserted herein occurred in this County, as Plaintiff resides in this County and was subject to Defendants' unlawful conduct in this County.

9.      Venue is proper within this judicial district as the acts from which this dispute arose occurred within this judicial district.

## PARTIES

10.     Plaintiff Stacy Penning is a resident of El Cerrito, California.

11.     Defendant MedicineNet is a corporation formed under the laws of California.

12.     Defendant WebMD LLC is a corporation formed under the laws of Delaware.

## COMMON FACTUAL ALLEGATIONS

**I.      The California Invasion of Privacy Act**

13.     CIPA was enacted "to protect the right of privacy of the people of [California]." Cal. Penal Code § 630. The California Legislature was concerned about emergent technologies that allowed for "eavesdropping upon private communications," believing such technologies "created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." *Id.*

14.     As part of CIPA, the California Legislature enacted § 631(a), which prohibits any person or entity from [i] "intentionally tap[ping], or mak[ing] any unauthorized connection … with any telegraph or telephone wire," [ii] "willfully and without the consent of all parties to the communication … read[ing], or attempt[ing]

CLASS ACTION COMPLAINT                                      3

CASE NO.

to read, or to learn the contents or meaning of any … communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within [California],” or [iii] “us[ing], or attempt[ing] to use … any information so obtained.”

15. CIPA § 631(a) also penalizes [iv] those who “aid[], agree[] with, employ[], or conspire[] with any person” who conducts the aforementioned wiretapping, or those who “permit” the wiretapping.

16. § 631(a) is not limited to phone lines, but also applies to “new technologies” such as computers, the Internet, and email. *Jee Javier v. Assurance IQ, LLC,* 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

17. Individuals may bring an action under CIPA §§ 631 for $5,000 per violation. Cal. Penal Code § 637.2(a)(1).

II. **Defendants Intercepted and Disclosed the of Contents of Website Visitors’ Electronic Communications to Third Parties.**

18. Defendants, upon information and belief, operate medicinenet.com which receives over 7.2 million monthly visits.

19. Defendants’ Website provides a medical dictionary and information about diseases, conditions, medications, and general health to their Website visitors.

20. Information about a person’s physical and mental health is among the most confidential and sensitive information in our society, and the mishandling of medical information can have serious consequences, including discrimination in the workplace or denial of insurance coverage. If people do not trust that their medical information will be kept private, they may be less likely to seek medical treatment which can lead to more serious health problems. Additionally, protecting medical information, such as a website user’s interaction with an online health resources, or search terms containing medical conditions, is necessary to maintain public trust by entities, like Defendants, that act as a resource.

21. Unfortunately, Website visitors are not provided notice or specifically asked to consent to Defendants sharing and disclosing, or aiding and abetting in the interception of, the contents of their communications to third parties, including which buttons they click, the exact text and phrases they type into search box queries, and detailed information about which types of database entries they have selected on Defendants' Website.

22. However, despite not obtaining informed consent from their Website visitors, Defendants disclose, and aid in the interception of, the contents of their electronic communications to various third parties.

23. Specifically, a live data-traffic analysis of Defendants' Website shows that Defendants incorporated and installed third-party tracking technologies into their Website so that whenever their Website visitors interact with Defendants' Website, the contents of their communications are intercepted in real time while in transit by such third parties, including Amazon via the Amazon Ads Tracking Pixel (the "Amazon Pixel").

24. The Amazon Pixel is a piece of code that online media providers, like Defendants, can integrate into their websites. Once activated, the Amazon Pixel tracks users' electronic communications and online activity and the type of actions they take on the website and disseminates that information to Amazon.

25. For example, if a Website visitor were to visit a specific webpage inquiring about pregnancy, Defendants would disclose that information in the form of a URL request (as shown below):

5

CASE NO.

26. Further, if a Website visitor were to type specific language into a search query, such as "pregnancy", Defendants would disclose that information in the form of a URL request (as shown below):

27. In sum, Defendants collect, disclose, and aid and abet in the collection and disclosure of, contents of their Website visitors' communications, including information about which buttons they click, the exact text and phrases they type into search box queries, and detailed information about which types of database entries they have selected on Defendants' Website.

28.     Defendants do not, however, obtain Website visitors' prior consent to disclose such information.

29.     Defendants' Website visitors expect that they are communicating directly with Defendants via Defendants' Website, however, the contents of Website visitors' communications with the Website are, in real time, being disclosed to, and intercepted by, undisclosed third parties.

30.     Therefore, Defendants also aided and conspired with third party tracking entities to intercept their Website visitors' electronic communications, because Defendants knowingly installed tracking technologies on their Website and knew such communications would be intercepted as a result.

31.     As a result, Defendants have violated the CIPA.

### FACTS SPECIFIC TO PLAINTIFF

32.     Plaintiff is a Website visitor of medicinenet.com and has visited the Website within the past two years.

33.     At all relevant times, Plaintiff has been an Amazon account holder.

34.     Plaintiff has used Defendants' Website to view medical webpage articles, and type phrases into search boxes about specific medical conditions within the past two years.

35.     Each time Plaintiff interacted with Defendants' Website, Defendants knowingly and intentionally disclosed, and aided and abetted in the interception of, the contents of Plaintiff's electronic communications, including specifically the information about which buttons he clicked, the exact text and phrases he typed into search box queries, and detailed information about which types of database entries he has selected, to third parties.

36.     Plaintiff never specifically and separately consented, agreed, authorized, or otherwise permitted Defendants to disclose, and aid in the interception of, the contents of his electronic communications to third parties.

CLASS ACTION COMPLAINT                                   7

CASE NO.

37. To this day, Plaintiff is unaware of the status of the contents of his electronic communications, to whom it has been disclosed, and who has possession and retained his electronic communications as a result of Defendants' illegal conduct.

38. After interacting with Defendants' Website, Plaintiff received unsolicited advertisements and marketing emails that were related to his searches and content viewed on Defendants' Website, including receiving advertisements and emails from Amazon and other third parties.

39. By intercepting and aiding third parties to intercept Plaintiff's contents of his electronic communications, which revealed his interactions with Defendants' Website, Defendants have intentionally and knowingly violated Plaintiff's privacy rights.

40. As such, Plaintiff is entitled to statutory damages.

### CLASS ALLEGATIONS

41. Plaintiff brings this action individually and on behalf of a Class (the "Class") defined as follows:

> Class: All persons within the state of California who, during the relevant limitations period, visited Defendants' Website and clicked a button requesting a webpage or typed a phrase into a search box.

42. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

43. Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class are currently unknown to Plaintiff, the members can be easily identified through Defendants' records.

CLASS ACTION COMPLAINT                   8

CASE NO.

44.     Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' privacy violations.

45.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a)     Whether Defendants knowingly disclosed Class members' contents of their electronic communications to third parties;

(b)     Whether Class members provided consent to Defendants' disclosure of their communications to third parties;

(c)     Whether Defendants aided third parties in the interception of Class members' communications on their Website;

(d)     Whether the Class members are entitled to damages and other relief as a result of Defendants' conduct.

46.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

47.     Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of

CLASS ACTION COMPLAINT                                     9
                                                                CASE NO.

the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

48. Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## FRAUDULENT CONCEALMENT AND TOLLING

49. The applicable statute of limitations are tolled by virtue of Defendants' knowing and active concealment of the facts alleged above. Plaintiff and Class members were ignorant of the information essential to the pursuit of these claims, without any fault or lack of diligence on their own part.

50. At the time the action was filed, Defendants were under a duty to disclose the true character, quality, and nature of its activities to Plaintiff and the Class. Defendants are therefore estopped from relying on any statute of limitations.

51. Defendants' fraudulent concealment is common to the Class.

## COUNT ONE
### Violations of the California Invasion of Privacy Act
### Cal. Pen. Code § 631(a)
### (On behalf of Plaintiff and the Class)

52. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

53. CIPA § 631(a) imposes liability for "distinct and mutually independent patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192-93 (1978). Therefore, to impose liability under CIPA § 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," commits any of the following:

CLASS ACTION COMPLAINT 10

CASE NO.

(i) intentionally tapped, or made any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, cable, or instrument of any internal telephonic communication system;

*or*

(ii) willfully and without consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state; or (iii)

uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained;

*or*

(iv) aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit or cause to be done any of the acts or things mentioned above in this section. Cal. Pen. Code. § 631 (a).

54.     The third-party activity tracking technologies Defendants programmed into their website are each a "machine, instrument, contrivance, or … other manner" used to read or learn the contents or meaning of messages, reports, or communications between Plaintiff and Class members and Defendants.

55.     Defendants' third-party tracking vendors were third parties to communications between Plaintiff and the Class members and Defendants.

56.     Defendants' third-party tracking vendors willfully and without the consent of all parties to the communication, or in any unauthorized manner, read, attempted to read, and/or learned the contents or meaning of electronic communications between Plaintiff and the Class members, on the one hand, and

CLASS ACTION COMPLAINT                                    11
                                                                        CASE NO.

Defendants, on the other, while the electronic communications were in transit or were being sent from or received at a place within California.

57. Defendants aided and conspired, agreed with, employed, permitted, or otherwise enabled their third-party tracking vendors to wiretap Plaintiff's and the other Class members' contents of their electronic communications using their third-party tracking technologies. Defendants knew that the third-party tracking technology they installed on their Website would result in the disclosure of user communications to third parties, as increasing their advertising presence on other platforms was one of Defendants' purposes for implementing such technology.

58. Plaintiff and the Class members did not provide their prior consent to such third parties' access, interception, reading, learning, recording, collection, and usage of their electronic communications. Nor did Plaintiff and the Class members provide their prior consent to Defendants aiding, agreeing with, employing, permitting, or otherwise enabling their third-party vendors' conduct.

59. Plaintiff and the other members of the Class seek all relief available under Cal. Pen. Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

<b><u>PRAYER FOR RELIEF</u></b>

WHEREFORE, Plaintiff, individually and on behalf of and the Class, pray for the following relief:

1. An order certifying the Class as defined above;

2. An order declaring that Defendants' conduct violates CIPA;

3. An order enjoining Defendants from continuing to engage in the unlawful conduct and practices described herein;

4. An award of statutory damages under CIPA to the Class;

5. For punitive damages, as warranted, in an amount to be determined at trial;

6. An award of attorney's fees and costs; and

7. Award such further relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: May 26, 2025      Respectfully submitted,

STACY PENNING, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
10089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

Electronically Filed Superior Court CA County of Contra Costa 5/27/2025 8:00 AM By: C. Padilla, Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MEDICINENET, INC., and WEBMD, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STACY PENNING, individually and on behalf of similarly situated individuals

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California, Contra Costa County<br>725 Court Street, Martinez, CA 94553 | CASE NUMBER: *(Número del Caso):*<br>C25-01456 |
| --- | --- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eugene Y. Turin, SBN: 342413, McGuire Law, P.C. 10089 Willowcreek Rd., #200, San Diego, CA 92131, (312) 893-7002

| DATE:<br>*(Fecha)* 5/27/2025 8:00 AM | Clerk, by<br>*(Secretario)* /s/ C. Padilla | , Deputy<br>*(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

| | | |
| --- | --- | --- |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

CM

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Eugene Y. Turin (SBN 342413)<br>McGuire Law, P.C., 10089 Willowcreet Rd., #200,<br>San Diego, CA 92131<br>TELEPHONE NO.: (312) 893-7002  FAX NO. (Optional):<br>E-MAIL ADDRESS: eturin@mcgpc.com<br>ATTORNEY FOR (Name): Stacy Penning | FOR COURT USE ONLY<br><br>Electronically Filed by<br>Superior Court of California<br>County of Contra Costa<br>5/27/2025 8:00 AM<br>By: C. Padilla, Deputy |

**SUPERIOR COURT OF CALIFORNIA  COUNTY OF  CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Penning v. MedicineNet, Inc. et al.

| CIVIL CASE COVER SHEET | | | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | C25-01456<br><br>JUDGE:<br>DEPT.: |

Items 1  6 below must be completed (see instructions on page 2).

1. Check box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 1: California Invasion of Privacy Act, Cal. Pen. Code § 630 et seq.
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 5/26/2025
Eugene Y. Turin
_____
(TYPE OR PRINT NAME)
► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET**<br>Processed by Court on 5/28/2025 12:04 PM | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
Product Liability (not asbestos or toxic environmental) (24)
Medical Malpractice (45)
    Medical Malpractice—Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (not civil harassment) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (not medical or legal)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)
    Contract/Warranty Breach—Seller Plaintiff (not fraud or negligence)
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (not provisionally complex) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (not eminent domain, landlord tenant, or foreclosure)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court Case Matter
    Writ—Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (arising from provisionally complex case type listed above) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (non-domestic relations)
    Sister State Judgment
    Administrative Agency Award (not unpaid taxes)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (not specified above) (42)
    Declaratory Relief Only
    Injunctive Relief Only (non-harassment)
    Mechanics Lien
    Other Commercial Complaint Case (non-tort non-complex)
    Other Civil Complaint (non-tort non-complex)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (not specified above) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

# Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



F. Li
Court Executive Officer

| CASE NAME: | CASE NUMBER: |
|---|---|
| STACY PENNING VS. MEDICINENET, INC. | C25-01456 |

### NOTICE OF ASSIGNMENT TO  DEPARTMENT 39 FOR CASE MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1.  THIS MATTER HAS BEEN ASSIGNED TO Department 39, Judge EDWARD G WEIL PRESIDING, FOR ALL PURPOSES; DEPARTMENT 39 IS DESIGNATED AS THE COMPLEX LITIGATION DEPARTMENT OF THE COURT AND AS SUCH (a) HEARS ALL CASES WHEREIN A DESIGNATION OF COMPLEX CASE HAS BEEN MADE AND (b) CONDUCTS HEARINGS, IN CASES THAT THIS COURT DETERMINES, ON A PRELIMINARY BASIS MAY BE COMPLEX, TO DETERMINE WHETHER THE CASE SHOULD REMAIN IN THE COMPLEX LITIGATION PROGRAM.

2.  ALL COUNSEL ARE REQUIRED TO APPEAR IN DEPARTMENT 39 ON 09/22/2025 AT 8:30 AM
    a)  IF THE CASE HAS BEEN DESIGNATED AS COMPLEX, AND NO COUNTER DESIGNATION HAS BEEN FILED, THE COURT WILL HOLD ITS FIRST CASE MANAGEMENT CONFERENCE AT THAT TIME.
    b)  IF THE CASE HAS BEEN ASSIGNED TO DEPARTMENT 39 ON A PRELIMINARY BASIS THE COURT WILL HOLD A HEARING TO DETERMINE IF THE MATTER IS, OR IS NOT, COMPLEX. IF THE MATTER IS DETERMINED TO BE COMPLEX, THE COURT WILL THEN PROCEED WITH THE FIRST CASE MANAGEMENT CONFERENCE.

3.  EACH PARTY SHALL FILE AND SERVE A CASE MANAGEMENT CONFERENCE STATEMENT FIVE (5) DAYS BEFORE THIS HEARING AND BE PREPARED TO PARTICIPATE EFFECTIVELY IN THE CONFERENCE, INCLUDING BEING THOROUGHLY FAMILIAR WITH THE CASE AND ABLE TO DISCUSS THE SUITABILITY OF THE CASE FOR PRIVATE MEDIATION, ARBITRATION OR THE USE OF A SPECIAL MASTER OR REFEREE.

4.  PRIOR TO THE CONFERENCE COUNSEL FOR PLAINTIFF SHALL MEET AND CONFER WITH COUNSEL FOR EACH OTHER PARTY IN AN EFFORT TO PRECISELY DEFINE THE ISSUES IN THE CASE, DISCUSS THE POSSIBILITY OF EARLY MEDIATION, THE IDENTITIES OF POSSIBLE OTHER PARTIES, AND THEIR RESPECTIVE PLANS FOR DISCOVERY.

5.  UNTIL THE TIME OF THE CONFERENCE THE FOLLOWING INTERIM ORDERS SHALL BE IN EFFECT:
    a)  PLAINTIFF SHALL DILIGENTLY PROCEED IN LOCATING AND SERVING EACH AND EVERY DEFENDANT. IT IS THE COURT'S INTENTION THAT EACH PARTY BE SERVED IN SUFFICIENT TIME TO HAVE ENTERED AN APPEARANCE WITHIN THE TIME ALLOWED BY LAW AND TO ATTEND THE FIRST CONFERENCE.
    b)  ALL DISCOVERY SHALL BE STAYED EXCEPTING AS ALL PARTIES TO THE ACTION MIGHT OTHERWISE STIPULATE OR THE COURT OTHERWISE ORDER.
    c)  NO PARTY SHALL DESTROY ANY WRITING OR OTHER EVIDENCE IN ITS POSSESSION OR UNDER ITS CONTROL WHICH BEARS IN ANY WAY UPON THE MATTERS WHICH ARE THE SUBJECT OF THIS LITIGATION.
    d)  WITHIN THE TIME FOR ANY PARTY TO FILE AN ANSWER OR DEMURRER SUCH PARTY MAY ALTERNATIVELY FILE A NOTICE OF GENERAL APPEARANCE. IN SUCH EVENT THE TIME FOR FILING OF AN ANSWER OR DEMURRER SHALL BE EXTENDED TO TWENTY (20) DAYS FOLLOWING THE FIRST CONFERENCE UNLESS THE COURT SHALL, AT THAT TIME, SET A DIFFERENT SCHEDULE.
    e)  COUNSEL FOR EACH PARTY SHALL DO A CONFLICT CHECK TO DETERMINE WHETHER SUCH COUNSEL MIGHT HAVE A POSSIBLE CONFLICT OF INTEREST AS TO ANY PRESENT OR CONTEMPLATED FUTURE PARTY.

BY ORDER OF THE COURT

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



F. Li
Court Executive Officer

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**

I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CA AS INDICATED ABOVE.

DATE:     5/28/2025

BY:     C. PADILLA DEPUTY CLERK

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C25-01456 ON 5/28/2025:

EUGENE Y. TURIN
55 W WACKER DR 9TH FL
CHICAGO IL  60601

**FAEGRE DRINKER BIDDLE & REATH LLP**
PAUL A. ROSENTHAL (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:     +1 973 549 7000
Facsimile:     +1 973 360 9831

FREDDY I. FONSECA (SBN 311311)
freddy.fonseca@faegredrinker.com
KAYLEE A. RACS (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:     +1 310 203 4000
Facsimile:     +1 310 229 1285

Attorneys for Defendant
WEBMD LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY PENNING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. and WebMD LLC,<br><br>Defendants. | Case No. 3:25-cv-05992<br><br>(Removed from the Contra Costa County Superior Court Case No. C25-01456)<br><br>**DECLARATION OF TYLER LOHSE IN SUPPORT OF DEFENDANT WEBMD LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed Concurrently with Notice of Removal, Rosenthal Declaration, and Certification of Conflicts and Interested Entities or Persons]<br><br>Complaint filed:     May 27, 2025<br>Date removed:      July 16, 2025 |

LOHSE DECL. ISO DEFENDANT'S NOTICE OF REMOVAL

I, Tyler Lohse, declare as follows:

1.    I am Deputy General Counsel for WebMD LLC ("WebMD"). Unless otherwise stated, the following facts are within my personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.    All WebMD departments relevant to the operation of the medicinenet.com website business, including sales, finance, technology (database and development), marketing, advertising, content creation, human resources, and legal are based out of Newark, New Jersey. The leaders of these departments include the Chief Business & Financial Officer, Chief Technology Officer, General Counsel, Corporate Controller, Senior Payroll Manager, the Vice President of Human Resources, the Senior Director of Talent Acquisition, the Senior Director of Facilities & Real Estate, the Global Vice President of IT, Principal Website Architect, the SVP Revenue & Operations, the Senior Vice President of Product Marketing, the Group General Manager & Senior Vice President (sales), Vice President of Product Strategy, the Executive Vice President of Growth & New Markets, and the Senior Director of Content Strategy. These departments and their leaders perform their day-to-day responsibilities primarily in New Jersey, which includes controlling, directing, and coordinating the activities of the company.

3.    In my role as Deputy General Counsel for WebMD, I have direct contact with the aforementioned departments and, thus, have personal knowledge of their primary operational control, and that such authority is exercised from Newark, New Jersey.

4.    Defendant MedicineNet, Inc. ("MedicineNet") is a defunct entity that was wholly owned by WebMD. MedicineNet conducts no business in any state, does not maintain any capital, and does not have any employees.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 9, 2025                By: _____
                                        Tyler Lohse

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

LOHSE DECL. ISO DEFENDANT'S NOTICE OF REMOVAL

**FAEGRE DRINKER BIDDLE & REATH LLP**
PAUL A. ROSENTHAL (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:     +1 973 549 7000
Facsimile:     +1 973 360 9831

FREDDY I. FONSECA (SBN 311311)
freddy.fonseca@faegredrinker.com
KAYLEE A. RACS (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:     +1 310 203 4000
Facsimile:     +1 310 229 1285

Attorneys for Defendant
WebMD LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY PENNING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. and WebMD LLC,<br><br>Defendants. | Case No. 3:25-cv-05992<br><br>(Removed from the Contra Costa County Superior Court Case No. C25-01456)<br><br>**DECLARATION OF PAUL A. ROSENTHAL IN SUPPORT OF DEFENDANT WEBMD LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed Concurrently with Notice of Removal, Lohse Declaration, and Certification of Conflicts and Interested Entities or Persons]<br><br>Complaint filed:    May 27, 2025<br>Date removed:    July 16, 2025 |

I, Paul A. Rosenthal, declare as follows:

1.      I am an attorney admitted to practice in the State of California and in the United States District Court for the Northern District of California. I am a partner at Faegre Drinker Biddle & Reath LLP, and counsel for WebMD LLC ("WebMD") in this action. Unless otherwise stated, the following facts are within my personal knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of the Certificate of Termination for MedicineNet from the California Secretary of State's website.

3.      Attached hereto as Exhibit B is a true and correct copy of the Notice and Acknowledgment of Receipt completed by counsel of record for WebMD on June 17, 2025.

4.      Attached hereto as Exhibit C is a true and correct copy of WebMD's Certificate of Formation.

5.      Attached hereto as Exhibit D is a true and correct copy of the Delaware Department of State, Division of Corporations' webpage showing Entity Information for WebMD.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated: July 16, 2025                          By:*/s/ Paul A. Rosenthal*
                                                    Paul A. Rosenthal

ROSENTHAL DECL. ISO DEFENDANT'S NOTICE OF REMOVAL

# Exhibit A



For Office Use Only

**-FILED-**

1500 11th
P.O. Box 944260

File No.: 341777534
Date Filed: 6/26/2025

## Business Entities Records – Order Form

## For faster service, order online at bizfileOnline.sos.ca.gov.

ORDERS CANNOT BE CHANGED OR CANCELLED ONCE SUBMITTED.

| 1. Requestor's Information | Date: 6/23/25 | |
|---|---|---|
| Individual's name: Kaylee Racs | | In person drop off only, please indicate type of return method requested: |
| Firm name (if any): Faegre Drinker Biddle & Reath LLP | | |
| Return address: 1800 Century Park East, Suite 1500 | | ☑ Mail ☐ Pick-Up |
| City: Los Angeles State: CA Zip: 90067 | | |
| 10-digit telephone number: (310) 203-4029 | | |

2. Order Details

Entity name: MedicineNet, Inc.

Secretary of State Entity/File Number (recommended): C2003499

Entity type (check 1 box): ☑ Corporation ☐ Limited Liability Company ☐ Limited Partnership
☐ General Partnership ☐ Limited Liability Partnership ☐ Other (see instructions for options): _____

3. Certified Copy Requests – Certified copies are **$5.00 per document**. See instructions for additional details.

| | |
|---|---|
| a. Articles/Formation/Registration document only | # of certified copies _____ |
| b. All Amendment documents only (Not including Statements of Information) | # of certified copies _____ |
| c. Last **complete** Statement of Information | # of certified copies _____ |
| d. Last no change Statement of Information | # of certified copies _____ |
| e. All Statements of Information | # of certified copies _____ |
| f. All documents (Including Statements of Information) | # of certified copies _____ |
| g. Copy of: _____ | # of certified copies _____ |

4. Certificate Requests

| | |
|---|---|
| a. Certificate of Status (lists entity status: i.e., good standing, active, suspended, etc.) - $5.00 each | # of certified copies 1 |
| b. Certificate of No Record (certifies no record of entity found) - $5.00 each | # of certified copies _____ |

| THIS SECTION FOR SECRETARY OF STATE USE ONLY | Affix Cert & Seal_____ | $ _____ |
|---|---|---|
| | Certificate of_____ 1 | $ 5 |
| | Special Handling Fee_____ | $ _____ |
| | Other_____ | $ _____ |
| | Total amount due | $ 5 |
| | Total Amount Rec'd | $ _____ Refund |
| | Amount | $ _____ |
| | Balance Due | $ _____ |

B3767-6016 06/24/2025 5:00 PM Received by California Secretary of State



# **Secretary of State**
# Certificate of Status

I, SHIRLEY N. WEBER, PH.D., California Secretary of State, hereby certify:

| | |
|---|---|
| **Entity Name:** | MEDICINENET, INC. |
| **Entity No.:** | 2003499 |
| **Registration Date:** | 03/05/1997 |
| **Entity Type:** | Stock Corporation - CA - General |
| **Formed In:** | CALIFORNIA |
| **Status:** | Terminated |

The above referenced entity was terminated on the Secretary of State's records and the entity's powers, rights and privileges have ceased in California.

This certificate relates to the status of the entity on the Secretary of State's records as of the date of this certificate and does not reflect documents that are pending review or other events that may affect status.

No information is available from this office regarding the financial condition, status of licenses, if any, business activities or practices of the entity.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of June 26, 2025.

**SHIRLEY N. WEBER, PH.D.**
**Secretary of State**

**Certificate No.:** 341777534

To verify the issuance of this Certificate, use the Certificate No. above with the Secretary of State Certification Verification Search available at bizfileOnline.sos.ca.gov.

# Exhibit B

POS

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NO: 342413 | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY     STATE BAR NO: 342413

NAME: Eugene Y. Turin

FIRM NAME: McGuire Law, P.C.

STREET ADDRESS: 1089 Willowcreek Road, Suite 200

CITY: San Diego     STATE: CA     ZIP CODE: 92131

TELEPHONE NO.: (312) 893-7002     FAX NO. :

E-MAIL ADDRESS: eturin@mcgpc.com

ATTORNEY FOR (*N* ): Plaintiff, Stacy Penning

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA COUNTY OF** CONTRA COSTA

STREET ADDRESS: 725 Court Street

MAILING ADDRESS:

CITY AND ZIP CODE: Martinez, CA 94553

BRANCH NAME: Wakefield Taylor Courthouse

Plaintiff/Petitioner: Stacy Penning

Defendant/Respondent: MEDICINENET, INC., WEBMD LLC,

| NOTICE AND AC  NO  LED  MENT OF RECEIPT  CIVIL | CASE NUMBER: C25-01456 |
|---|---|

TO    *r    r    r  d*    WebMD, LLC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 5/29/2025

| Eugene Y. Turin | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF SENDER   MUST NOT BE A PARTY IN THIS CASE) |

### AC  NO  LED  MENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. [ x ] A copy of the summons and of the complaint.
2. [ ] Other

*(To be completed by recipient):*

Date this form is signed: June 17, 2025

| Freddy I. Fonseca, Esq. | |
|---|---|
| (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED) | (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY) |

*P*

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND AC  NO  LED  MENT OF RECEIPT    CIVIL | Code of Civil Procedure, §§ 415.30, 417.10 *r* |
|---|---|---|

# Exhibit C

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 01:01 PM 12/26/2007*
*FILED 12:43 PM 12/26/2007*
*SRV 071360294 - 4479747 FILE*

## CERTIFICATE OF FORMATION

### OF

### WEBMD LLC

This Certificate of Formation of WebMD LLC (the "Limited Liability Company"), which shall be effective at 10:00 a.m., local time, on December 31, 2007, is being duly executed and filed by Douglas W. Wamsley, as an authorized person to form a limited liability company under the Delaware Limited Liability Company Act (6 Del. C. §18-101 et seq.) (the "DLLCA").

The undersigned, being duly authorized to execute this Certificate of Formation, hereby certifies that:

FIRST:        The name of the Limited Liability Company is WebMD LLC.

SECOND:        The address of the registered office and the name and the address of the registered agent of the Limited Liability Company required to be maintained by Section 18-104 of the DLLCA is The Corporation Trust Company, 1209 Orange Street, Wilmington, New Castle County, Delaware 19801.

THIRD:        The Limited Liability Company reserves the right to amend its Certificate of Formation from time to time in accordance with the DLLCA.

FOURTH:        The initial Limited Liability Company Agreement of the Company (the "LLC Agreement") shall be adopted by its sole member. The LLC Agreement may contain any provision for the regulation and management of the affairs of the Limited Liability Company not inconsistent with law or this Certificate of Formation.

**IN WITNESS WHEREOF,** the undersigned has duly executed this Certificate of Formation as of the day and year first written above.

_____
Douglas W. Wamsley,
Authorized Person

US1DOCS 6424534v8

# Exhibit D

**Department of State: Division of Corporations**

[Allowable Characters](#)

HOME

| Entity Details |
| --- |

**THIS IS NOT A STATEMENT OF GOOD STANDING**

File Number: **4479747**

Incorporation Date / Formation Date: **12/26/2007** (mm/dd/yyyy)

Entity Name: **WEBMD LLC**

Entity Kind: **Limited Liability Company**      Entity Type: **General**

Residency: **Domestic**      State: **DELAWARE**

**REGISTERED AGENT INFORMATION**

Name: **CORPORATION SERVICE COMPANY**

Address: **251 LITTLE FALLS DRIVE**

City: **WILMINGTON**      County: **New Castle**

State: **DE**      Postal Code: **19808**

Phone: **302-636-5401**

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ◯ Status ◯ Status, Tax & History Information

Submit

New Entity Search

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

**FAEGRE DRINKER BIDDLE & REATH LLP**
PAUL A. ROSENTHAL (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone:     +1 973 549 7000
Facsimile:     +1 973 360 9831

FREDDY I. FONSECA (SBN 311311)
freddy.fonseca@faegredrinker.com
KAYLEE A. RACS (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone:     +1 310 203 4000
Facsimile:     +1 310 229 1285

Attorneys for Defendant
WebMD LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACY PENNING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. and WebMD LLC,<br><br>Defendants. | Case No. 3:25-cv-05992<br><br>(Removed from the Contra Costa County Superior Court Case No. C25-01456)<br><br>**DEFENDANT WEBMD LLC'S CERTIFICATION OF CONFLICTS AND INTERESTED ENTITIES OR PERSONS**<br><br>[Filed Concurrently with Notice of Removal, Rosenthal Declaration, and Lohse Declaration]<br><br><br>Complaint filed:     May 27, 2025<br>Date removed:        July 16, 2025 |

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

Pursuant to Civil L.R. 3-15, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1.    WebMD.

2.    WebMD Health Corp.

3.    Plaintiff.

4.    Counsel of record for the plaintiff.

Dated: July 16, 2025                    **FAEGRE DRINKER BIDDLE & REATH LLP**

By:*/s/ Paul A. Rosenthal*
    Paul A. Rosenthal
    Freddy I. Fonseca
    Kaylee A. Racs

    Attorneys for Defendant
    WebMD LLC

NOTICE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT

Proof of Service

I, the undersigned, declare: I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1800 Century Park East, Suite 1500, Los Angeles, CA 90067.

On July 17, 2025, I caused the following document(s) described below to be served on the interested party(ies) in this action as follows:

**DEFENDANT WEBMD LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

☐    **BY U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☑    **BY ELECTRONIC SERVICE VIA EMAIL:** By transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| Eugene Y. Turin (SBN 342413) <br> eturin@mcgpc.com <br> MCGUIRE LAW, P.C. <br> 1089 Willowcreek Road, Suite 200 <br> San Diego, CA 92131 <br> Tel: (312) 893-7002 Ex. 3 <br> Fax: (312) 275-7895 | Attorney for Plaintiff Stacy Penning, individually and on behalf of all others similarly situated |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 17, 2025, at Los Angeles, California.

_____
Marcela M. Maldonado

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com
*Counsel for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> MEDICINENET, INC. and WebMD LLC, <br><br> Defendants. | Case No. C25-01456 <br> (Assigned to the Hon. Edward G. Weil) <br><br> **PROOF OF SERVICE BY MAIL** <br><br> Complaint Filed: May 27, 2025 <br> Trial Date: Not yet set |

### <u>PROOF OF SERVICE BY MAIL</u>

I am a member of the bar of this court. I am over the age of eighteen years and not a party to the within action. My business address is McGuire Law, P.C., 1089 Willowcreek Road, Suite 200, San Diego, CA 92131.

On July 16, 2025 I served a true and correct copy of the following documents described as:

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT**

1

by regular UNITED STATES MAIL by placing a copy thereof in a sealed envelope addressed as shown below. I am readily familiar with the practice of McGuire Law, P.C. for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

WebMD, LLC
c/o Freddy I. Fonseca
Faegre Drinker Biddle & Reath,
LLP Los Angeles, CA 90067

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 16, 2025, at Chicago, Illinois

Eugene Y. Turin

**PROOF OF SERVICE BY MAIL**

FILED

OCT 14 2025

S. LIND CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By _____
K. WHITWORTH

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by: _____
Deputy Clerk
Date: October 7, 2025

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STACY PENNING,

Plaintiff,

v.

MEDICINENET, INC., et al.,

Defendants.

Case No. 25-cv-05992-JST

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

Re: ECF No. 24

Before the Court is Plaintiff Stacy Penning's motion to remand. ECF No. 24. The Court will grant the motion.

## I.    BACKGROUND

Defendant WebMD LLC removed this case from the Superior Court of California for the County of Contra Costa under the Class Action Fairness Act ("CAFA").[1] ECF No. 1. Seven days later, WebMD filed a motion to transfer this case to the District of New Jersey or, in the alternative, to dismiss the case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 14. Among other arguments, WebMD contends that the Court lacks jurisdiction over this case because Penning has failed to allege Article III standing. *Id.* at 15–18.

Penning filed a motion to remand, ECF No. 24, and a motion to stay briefing on WebMD's motion to transfer or dismiss pending consideration of the motion to remand, ECF No. 25. The Court sua sponte stayed the briefing and hearing schedule on WebMD's motion so that it could "consider the jurisdictional question [raised by Penning's motion] first." ECF No. 27 at 1.

---

[1] WebMD states that Defendant MedicineNet, Inc. "is a defunct entity that conducts no business in any state," and that it therefore "does not count for purposes of determining whether removal is proper." ECF No. 1 at 3. For purposes of his motion to remand, Penning "assume[s] that Medicinenet, Inc. [sic] is in fact a defunct entity." ECF No. 24 at 3 n.1.

## II.    DISCUSSION

The parties do not dispute that the allegations in this case satisfy CAFA's jurisdictional requirements concerning citizenship and the amount in controversy. *See* 28 U.S.C. § 1332(d). Nor do they dispute that WebMD, as the party seeking to invoke the Court's jurisdiction, "has the burden of establishing the facts necessary to support standing." *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). WebMD argues that Penning lacks Article III standing, and Penning does not make any arguments to the contrary. If WebMD is correct about Penning's lack of standing, the case must be remanded because it would not have been properly removed. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196–97 (9th Cir. 2016).

Penning asks the Court to remand this case based on WebMD's failure to satisfy its burden to demonstrate jurisdiction. WebMD, on the other hand, acknowledges that "remand without standing may be the ultimate outcome of this Court's analysis," but it asks the Court to "undertake its own analysis of the sufficiency of Plaintiff's allegations to establish a cognizable injury or Article III standing before determining whether remand is appropriate." ECF No. 28 at 6–7.

The Court declines WebMD's invitation. As the Court concluded in a previous case with the same procedural posture, "[b]y arguing, immediately upon removal and without any changed circumstances, that [Penning] lacks standing, [WebMD] has not met its burden of establishing subject matter jurisdiction," and the case should therefore be remanded. *Walker v. Kroger Co.*, No. 22-cv-00261-JST, 2022 WL 20208929, at *2 (N.D. Cal. June 21, 2022). It is true that, "[i]n situations where defendants have removed an action to federal court, then contested Article III standing, several courts have concluded that an independent analysis of whether plaintiffs have standing is appropriate." *Heaven v. Prime Hydration LLC*, 761 F. Supp. 3d 812, 817 (E.D. Pa. 2025). But "another line of cases," including the *Walker* case decided by this Court, "supports Plaintiff's view and finds remand appropriate, without further analysis, under similar circumstances." *Id.* at 817 n.3. As one such court persuasively explained:

> Although the parties agree that diversity jurisdiction under 28 U.S.C. § 1332 exists, defendants contend [the plaintiff] lacks Article III standing, an issue on which [the plaintiff] takes no position. Defendants cannot use the bare requirements of section 1332 to get a foot in the door of a federal court and thereby obtain a clean slate on

2

which to seek dismissal for lack of subject-matter jurisdiction. Instead, defendants bear the burden to show both a basis for diversity jurisdiction and that [the plaintiff] has Article III standing. By arguing [the plaintiff] lacks standing, defendants have not carried their burden.

Moreover, even if this court denied [the plaintiff's] motion to remand and then granted defendants' motion to dismiss for lack of subject-matter jurisdiction, defendants would not thereby obtain the dismissal they seek. Assuming without deciding that defendants correctly argue that [the plaintiff] lacks Article III standing, the proper remedy under 28 U.S.C. § 1447(c) would be to remand the case to [state court] rather than dismiss. Regardless of whether the court grants the motion to remand or (assuming defendants are correct) grants defendants' motion to dismiss for lack of subject-matter jurisdiction, remand ensues.

Defendants have not met their burden as the removing parties to show that the court has subject-matter jurisdiction. And [the plaintiff] declines to argue that it has Article III standing. When no party is willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis.

*Cumberland County v. Chemours Co.*, 608 F. Supp. 3d 294, 297–98 (E.D.N.C. 2022) (citation modified).

Since this Court decided *Walker*, other courts in the Ninth Circuit have reached the same conclusion. For example, in *Yeh v. Twitter, Inc.*, the court granted the plaintiff's motion to remand where the defendant argued in a prior "materially identical" case that the plaintiff lacked standing and, in the present case, failed to "affirmatively state that Plaintiff has standing under Article III— let alone articulate how." No. 23-cv-01790-HSG, 2023 WL 8429799, at *3–4 (N.D. Cal. Dec. 4, 2023) (citation modified). The court was "persuaded that since Defendant did not meet its affirmative burden of establishing Plaintiff's Article III standing after previously putting it in question repeatedly in materially identical litigation, remand [was] appropriate." *Id.* at *4. Similarly, in *Ott ex rel. L.O. v. Department of Health*:

The Court [found] that remand based on the [defendant's] failure to meet its removal burden does not depend on Plaintiffs' position on standing or on the Court making a final jurisdictional ruling. While there are cases in which courts have found a lack of standing before issuing an order to remand, district courts in this Circuit are clear that they need not do so when the question is one of meeting the removal burden. . . .

By removing the lawsuit to federal court based on the assertion that this Court has subject matter jurisdiction and then reversing course

3

> and asserting a lack of subject matter jurisdiction a mere 20 days later, the [defendant] has not met its burden to establish that this Court has subject matter jurisdiction. Lack of subject matter jurisdiction is presumed, and remand is mandatory.

No. 3:24-cv-00153-SLG, 2024 WL 4512091, at *3–4 (D. Alaska Oct. 17, 2024) (footnote omitted).

WebMD has cited no contrary binding authority. It relies heavily on the Seventh Circuit's opinion in *Collier v. SP Plus Corp.*, in which the district court denied a motion to remand after concluding that the case arose under federal law and then dismissed the case for lack of standing. 889 F.3d 894, 895–96 (7th Cir. 2018) (per curiam). The Seventh Circuit reversed, concluding that the plaintiffs' lack of standing "negat[ed] federal subject-matter jurisdiction" and rendered the case "not removable," thus making remand rather than dismissal the proper outcome. *Id.* at 895. Although the Seventh Circuit considered whether the complaint alleged an actual injury when it reviewed the district court's dismissal of the case on that basis, the opinion does not state that a district court must conduct such an analysis before granting a motion to remand. In addition, the court rejected the defendant's argument "that once removal based on federal question gets a defendant's foot in the door of a federal court, the slate is wiped clean and the defendant can challenge jurisdiction." *Id.* at 896. To the contrary, the court held that, "[a]s the party invoking federal jurisdiction, [the removing defendant] had to establish that all elements of jurisdiction— including Article III standing—existed at the time of removal." That is precisely the burden that WebMD has failed to meet here.

Moreover, the two cases cited by WebMD for the proposition that, "[s]ince *Collier*, courts in the Northern District of Illinois have initiated independent standing reviews prior to determining if remand was appropriate," are distinguishable. ECF No. 28 at 13. In one case, the defendant "predictably [did] not take the position that Plaintiffs have failed to meet the injury-in-fact requirement for Article III standing, a finding that would require remand to state court pursuant to 28 U.S.C. § 1447(c)." *Miller v. Sw. Airlines Co.*, No. 18 C 86, 2018 WL 4030590, at *2 (N.D. Ill. Aug. 23, 2018), *aff'd*, 926 F.3d 898 (7th Cir. 2019). Similarly, the other case distinguished prior cases in which the removing defendants "expressly argu[ed] that the plaintiff lacked Article III standing" and noted that "[t]he defendants in the present case have made no such

4

challenge to federal jurisdiction." *Dixon v. Washington & Jane Smith Cmty.—Beverly*, No. 17 C 8033, 2018 WL 2445292, at *6 (N.D. Ill. May 31, 2018); *see also id.* at *4 (noting that "defendants do not contend that [the plaintiff] lacks Article III standing"). Here, by contrast, WebMD has "tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction." *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016).

Additionally, contrary to WebMD's characterization of two other appellate decisions as arising "under similar circumstances," ECF No. 28 at 13, both *Plazzi v. FedEx Ground Package System, Inc.*, 52 F.4th 1 (1st Cir. 2022), and *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1027 (8th Cir. 2014), were appeals from orders granting motions to dismiss for lack of Article III standing. Neither involved a motion to remand, and it does not appear that the plaintiffs in either case argued that the removing defendants failed to meet their burden of demonstrating subject matter jurisdiction. *See Plazzi*, 52 F.4th at 4 (discussing procedural history); *Wallace*, 747 F.3d at 1028–29 (same).

WebMD also relies on a court's "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). But that does not mean that a court is "allowed to create arguments or engage in speculation in favor of jurisdiction." *Molina v. Pacer Cartage, Inc.*, 47 F. Supp. 3d 1061, 1063 (S.D. Cal. 2014). This is true even though there is "no antiremoval presumption" in CAFA cases. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). For example, the Ninth Circuit has explained that the removing defendant bears "the burden of proving by a preponderance of the evidence that its assumptions [as to the amount in controversy] were reasonable," and that a "district court should weigh the reasonableness of the removing party's assumptions, *not supply further assumptions of its own.*" *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020) (emphasis added). WebMD has not persuaded the Court that a contrary rule should apply to Article III standing—i.e., that a court should supply its own independent reasoning as to why a plaintiff might have standing when the defendant affirmatively argues that the plaintiff does not, and the plaintiff does not oppose those arguments.

As in *Walker*, and with the benefit of additional support from other courts within the Ninth

Circuit, the Court again concludes that a defendant "does not satisfy its burden" of "prov[ing] that all the elements of federal jurisdiction were satisfied upon removal" when it "attempt[s] to invoke federal jurisdiction for purposes of removal and then argue[s] for dismissal based on the lack of standing." *Walker*, 2022 WL 20208929, at *1 (quoting *Morgan v. Bank of Am., N.A.*, No. 2:20-CV-00157-SAB, 2020 WL 3979660, at *2 (E.D. Wash. July 14, 2020)).

## CONCLUSION

Accordingly, Penning's motion to remand is granted. This case is remanded to the Superior Court of California for the County of Contra Costa. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 3, 2025

_____

JON S. TIGAR
United States District Judge

ADRMOP,CLOSED

# U.S. District Court
## California Northern District (Oakland)
## CIVIL DOCKET FOR CASE #: 4:25-cv-05992-JST
## Internal Use Only

Penning v. Medicinenet, Inc. et al            Date Filed: 07/16/2025
Assigned to: Judge Jon S. Tigar              Date Terminated: 10/03/2025
Demand: $5,000,000                           Jury Demand: Plaintiff
Case in other court: Contra Costa, C25-01456 Nature of Suit: 890 Other Statutory
Cause: 28:1332 Diversity-(Citizenship)        Actions
                                             Jurisdiction: Diversity

| Hearings | Dates | Deadlines | Dates |
|---|---|---|---|

**Plaintiff**

**Stacy Penning**                    represented by **Yevgeniy Y. Turin**
                                                    Eugene Y. Turin
                                                    McGuire Law, P.C.
                                                    1089 Willowcreek Road
                                                    Suite 200
                                                    San Diego, CA 92131
                                                    312-893-7002
                                                    Email: eturin@mcgpc.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Nicholas Lange**
                                                    Freed Kanner London & Millen LLC
                                                    100 Tri-State International Drive
                                                    Suite 128
                                                    Lincolnshire, IL 60069
                                                    224-632-4510
                                                    Fax: 224-632-4521
                                                    Email: nlange@fklmlaw.com
                                                    *PRO HAC VICE*
                                                    *ATTORNEY TO BE NOTICED*

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by:

Deputy Clerk
Date: October 7, 2025

V.

**Defendant**

**Medicinenet, Inc.**

**Defendant**

**WebMD LLC**                        represented by **Freddy Israel Fonseca**
                                                    Faegre Drinker Biddle & Reath LLP
                                                    1800 Century Park East
                                                    Suite 1500

Los Angeles, CA 90067
310-203-4066
Email: freddy.fonseca@faegredrinker.com
*ATTORNEY TO BE NOTICED*

**Justin O Kay**
Faegre Drinker Biddle & Reath LLP
1144 15th Street
Suite 3400
Denver, CO 80202
312-569-1381
Email: justin.kay@faegredrinker.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kaylee Racs**
Faegre Drinker Biddle & Reath LLP
1800 Century Park East
Suite 1500
Los Angeles, CA 90067
310-203-4029
Email: kaylee.racs@faegredrinker.com
*ATTORNEY TO BE NOTICED*

**Paul Andrew Rosenthal**
Faegre Drinker Biddle & Reath
600 Campus Drive
07932
Florham Park, NJ 07932
973-549-7030
Email: paul.rosenthal@faegredrinker.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/2025 | 1 | NOTICE OF REMOVAL from Contra Costa. Their case number is C25-01456. (Filing fee $405 receipt number ACANDC-20900783). Filed by WebMD LLC. (Attachments: # 1 Exhibit 1 - State Court Action)(Rosenthal, Paul) (Filed on 7/16/2025) (Entered: 07/16/2025) |
| 07/16/2025 | 2 | Declaration of Tyler Lohse in Support of 1 Notice of Removal filed byWebMD LLC. (Related document(s) 1 ) (Rosenthal, Paul) (Filed on 7/16/2025) (Entered: 07/16/2025) |
| 07/16/2025 | 3 | Declaration of Paul A. Rosenthal in Support of 1 Notice of Removal filed byWebMD LLC. (Attachments: # 1 Exhibit A - Certificate of Termination for MedicineNet from the California Secretary of States website, # 2 Exhibit B - Notice and Acknowledgment of Receipt completed by counsel of record for WebMD on June 17, 2025, # 3 Exhibit C - WebMDs Certificate of Formation, # 4 Exhibit D - Delaware Department of State, Division of Corporations webpage showing Entity Information for WebMD)(Related document(s) 1 ) (Rosenthal, Paul) (Filed on 7/16/2025) |

| | | |
|---|---|---|
| | | (Entered: 07/16/2025) |
| 07/16/2025 | 4 | Certificate of Interested Entities by WebMD LLC identifying Other Affiliate Stacy Penning, Other Affiliate WebMD, Other Affiliate WebMD Health Corp., Other Affiliate Paul A. Rosenthal for WebMD LLC. (Rosenthal, Paul) (Filed on 7/16/2025) (Entered: 07/16/2025) |
| 07/16/2025 | 5 | CERTIFICATE OF SERVICE by WebMD LLC re 1 Notice of Removal, 2 Declaration of Tyler Lohse, 3 Declaration of Paul A. Rosenthal, 4 WebMD LLC Certification of Conflicts and Interested Entities or Persons (Rosenthal, Paul) (Filed on 7/16/2025) Modified on 7/17/2025 (kmm2, COURT STAFF). (Entered: 07/16/2025) |
| 07/16/2025 | 6 | Case assigned to Magistrate Judge Sallie Kim. Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening. Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 7/30/2025. (amf, COURT STAFF) (Filed on 7/16/2025) (Entered: 07/16/2025) |
| 07/16/2025 | 7 | NOTICE of Appearance filed by Kaylee Racs on behalf of WebMD LLC (Racs, Kaylee) (Filed on 7/16/2025) (Entered: 07/16/2025) |
| 07/17/2025 | 8 | CERTIFICATE OF SERVICE by WebMD LLC *re: Standing Order for Magistrate Judge Sallie Kim* (Rosenthal, Paul) (Filed on 7/17/2025) (Entered: 07/17/2025) |
| 07/17/2025 | 9 | NOTICE of Appearance filed by Freddy Israel Fonseca on behalf of WebMD LLC (Fonseca, Freddy) (Filed on 7/17/2025) (Entered: 07/17/2025) |
| 07/17/2025 | 10 | NOTICE of Appearance filed by Yevgeniy Y. Turin on behalf of Stacy Penning (Turin, Yevgeniy) (Filed on 7/17/2025) (Entered: 07/17/2025) |
| 07/17/2025 | 11 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 10/13/2025. Initial Case Management Conference set for 10/20/2025, 01:30 PM in San Francisco - via Zoom. (kmm2, COURT STAFF) (Filed on 7/17/2025) (Entered: 07/17/2025)** |
| 07/21/2025 | 12 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC-20916382.) filed by Stacy Penning. (Lange, Nicholas) (Filed on 7/21/2025) (Entered: 07/21/2025) |
| 07/22/2025 | 13 | **Order by Magistrate Judge Sallie Kim granting 12 Motion for Pro Hac Vice as to Nicholas Lange. Local counsel Yevgeniy Y. Turin is instructed to update their information on ECF. (bxl, COURT STAFF) (Filed on 7/22/2025) (Entered: 07/22/2025)** |
| 07/23/2025 | 14 | MOTION to Transfer Case Pursuant to 28 U.S.C. 1404(A) or, in the Alternative, Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or 12(B)(6) filed by WebMD LLC. Motion Hearing set for 9/8/2025 09:30 AM in San Francisco, Courtroom C, 15th Floor before Magistrate Judge Sallie Kim. Responses due by 8/6/2025. Replies due |

| | | |
|---|---|---|
| | | by 8/13/2025. (Attachments: # 1 Declaration of Tyler Lohse, # 2 Proposed Order) (Rosenthal, Paul) (Filed on 7/23/2025) Modified on 7/24/2025 (kmm2, COURT STAFF). (Entered: 07/23/2025) |
| 07/23/2025 | 15 | CLERK'S NOTICE REGARDING CONSENT OR DECLINATION: **Plaintiff** and **Defendants** shall file a consent or declination to proceed before a magistrate judge by **7/30/2025**. Note that any party is free to withhold consent to proceed before a magistrate judge without adverse substantive consequences. The forms are available at: http://cand.uscourts.gov/civilforms. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (bxl, COURT STAFF) (Filed on 7/23/2025) (Entered: 07/23/2025) |
| 07/29/2025 | 16 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by WebMD LLC.. (Rosenthal, Paul) (Filed on 7/29/2025) (Entered: 07/29/2025) |
| 07/29/2025 | 17 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Stacy Penning.. (Turin, Yevgeniy) (Filed on 7/29/2025) (Entered: 07/29/2025) |
| 07/30/2025 | 18 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned. ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED. *This is a text only docket entry; there is no document associated with this notice.* (bxl, COURT STAFF) (Filed on 7/30/2025) (Entered: 07/30/2025) |
| 07/30/2025 | 19 | **Case Reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge Jon S. Tigar for all further proceedings. Magistrate Judge Sallie Kim no longer assigned to the case. Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and cand.uscourts.gov/cameras. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (ark, COURT STAFF) (Filed on 7/30/2025) (Entered: 07/30/2025)** |
| 07/30/2025 | 20 | Renotice motion hearing re 14 MOTION to Transfer Case Pursuant to 28 U.S.C. 1404(A) or, in the Alternative, Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or 12(B)(6) filed by WebMD LLC. (Related document(s) 14 ) (Rosenthal, Paul) (Filed on 7/30/2025) (Entered: 07/30/2025) |
| 07/31/2025 | 21 | MOTION for leave to appear in Pro Hac Vice *Justin O. Kay* ( Filing fee $ 328, receipt number ACANDC-20957842.) filed by WebMD LLC. (Attachments: # 1 Certificate/Proof of Service Certificate of Good Standing CO, # 2 Certificate/Proof of Service Certificate of Good Standing DC, # 3 Certificate/Proof of Service Certificate of Good Standing IL)(Kay, Justin) (Filed on 7/31/2025) (Entered: 07/31/2025) |

| 08/01/2025 | 22 | CLERKS NOTICE SETTING CASE MANAGEMENT CONFERENCE AND ZOOM HEARING. Joint Case Management Statement due by 10/21/2025. Initial Case Management Conference set for 10/28/2025 at 02:00 PM - Videoconference Only. This proceeding will be held via a Zoom webinar. |
|---|---|---|
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/jst |
| | | **Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. One list of names of all counsel appearing for all parties must be sent in one email to the CRD at jstcrd@cand.uscourts.gov no later than 10/27/2025 at 2:00PM PST. |
| | | **Civ LR 77-3(d).** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |
| | | (dms, COURT STAFF) (Filed on 8/1/2025) (Entered: 08/01/2025) |
| 08/01/2025 | | Set/Reset Hearing as to 20 Renotice motion hearing re 14 MOTION to Transfer Case Pursuant to 28 U.S.C. 1404(A) or, in the Alternative, Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or 12(B)(6). Motion Hearing set for 9/11/2025 at 02:00 PM - Videoconference Only before Judge Jon S. Tigar. This proceeding will be held via a Zoom webinar. |
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/jst |
| | | **Court Appearances:** Advanced notice is required of counsel or parties who wish to be identified by the court as making an appearance or will be participating in the argument at the hearing. One list of names of all counsel appearing for all parties must be sent in one email to the CRD at jstcrd@cand.uscourts.gov no later than 09/10/2025 at 2:00PM PST. |
| | | **Civ LR 77-3(d).** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |
| | | (dms, COURT STAFF) (Filed on 8/1/2025) (Entered: 08/01/2025) |
| 08/01/2025 | 23 | **APPLICATION FOR ADMISSION OF ATTORNEY PRO HAC VICE; ORDER by Judge Jon S. Tigar granting 21 Motion for Pro Hac Vice as to Justin O. Kay. (dms, COURT STAFF) (Filed on 8/1/2025) (Entered: 08/01/2025)** |
| 08/06/2025 | 24 | MOTION to Remand filed by Stacy Penning. Motion Hearing set for 9/11/2025 02:00 PM in Oakland, - Videoconference Only before Judge Jon S. Tigar. Responses |

| | | |
|---|---|---|
| | | due by 9/25/2025. Replies due by 10/2/2025. (Attachments: # 1 Proposed Order) (Lange, Nicholas) (Filed on 8/6/2025) (Entered: 08/06/2025) |
| 08/06/2025 | 25 | MOTION to Stay Briefing and Ruling on 14 MOTION to Transfer Case Pursuant to 28 U.S.C. 1404(A) or, in the Alternative, Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) or 12(B)(6) filed by Stacy Penning. Motion Hearing set for 9/11/2025 02:00 PM in Oakland, - Videoconference Only before Judge Jon S. Tigar. Responses due by 8/20/2025. Replies due by 8/27/2025. (Attachments: # 1 Proposed Order)(Lange, Nicholas) (Filed on 8/6/2025) Modified on 8/8/2025 (kmm2, COURT STAFF). (Entered: 08/06/2025) |
| 08/06/2025 | 26 | Correction of Opposition/Response or Reply Deadlines pertaining to 24 MOTION to Remand (Reason: Correcting an error) filed byStacy Penning. Responses due by 8/20/2025. Replies due by 8/27/2025. (Lange, Nicholas) (Filed on 8/6/2025) (Entered: 08/06/2025) |
| 08/07/2025 | 27 | **SCHEDULING ORDER RE: MOTION TO REMAND AND MOTION TO TRANSFER OR DISMISS by Judge Jon S. Tigar re 25 MOTION to Stay. (dms, COURT STAFF) (Filed on 8/7/2025) (Entered: 08/07/2025)** |
| 08/20/2025 | 28 | OPPOSITION/RESPONSE (re 24 MOTION to Remand ) *DEFENDANT WEBMD LLCS OPPOSITION TO PLAINTIFFS MOTION TO REMAND* filed byWebMD LLC. (Rosenthal, Paul) (Filed on 8/20/2025) (Entered: 08/20/2025) |
| 08/27/2025 | 29 | REPLY (re 24 MOTION to Remand ) filed byStacy Penning. (Turin, Yevgeniy) (Filed on 8/27/2025) (Entered: 08/27/2025) |
| 08/29/2025 | 30 | CLERK'S NOTICE VACATING MOTION HEARING. Before the Court is 24 MOTION to Remand filed by Stacy Penning. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument. The hearing on this matter that is currently scheduled for September 11, 2025 at 2:00 PM is hereby VACATED. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (dms, COURT STAFF) (Filed on 8/29/2025) (Entered: 08/29/2025) |
| 10/03/2025 | 31 | **ORDER GRANTING PLAINTIFF' S MOTION TO REMAND by Judge Jon S. Tigar re 24 MOTION to Remand filed by Stacy Penning. (dms, COURT STAFF) (Filed on 10/3/2025) (Entered: 10/03/2025)** |

# Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



S. Lind
Court Executive Officer

| CASE NAME: STACY PENNING VS. MEDICINENET, INC. | CASE NUMBER: C25-01456 |
|---|---|

1. NOTICE IS HEREBY GIVEN THAT A CASE MANAGEMENT CONFERENCE IS SET IN THE ABOVE ENTITLED CASE AND WILL BE HELD IN THIS COURT ON:

| HEARING DATE: 01/27/2026 | HEARING TIME: 8:30 AM | HEARING LOCATION: DEPARTMENT 39 725 COURT ST  RM 301  MARTINEZ, CA 94553 |
|---|---|---|

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT STATEMENT, AND A BLANK ADR CASE MANAGEMENT STIPULATION AND ORDER FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. YOU MAY STIPULATE TO AN EARLIER CASE MANAGEMENT CONFERENCE. IF ALL PARTIES AGREE TO AN EARLY CASE MANAGEMENT CONFERENCE, PLEASE CONTACT THE COURT CLERK'S OFFICE AT (925)608-1000 FOR UNLIMITED CIVIL AND LIMITED CIVIL CASES FOR ASSIGNMENT OF AN EARLIER DATE.

3. YOU MUST BE FAMILIAR WITH THE CASE AND BE FULLY PREPARED TO PARTICIPATE EFFECTIVELY IN THE CASE MANAGEMENT CONFERENCE AND TO DISCUSS THE SUITABILITY OF THIS CASE FOR THE EASE PROGRAM, PRIVATE MEDIATION, BINDING OR NON-BINDING ARBITRATION, AND/OR USE OF A SPECIAL MASTER.

4. AT ANY CASE MANAGEMENT CONFERENCE THE COURT MAY MAKE PRETRIAL ORDERS INCLUDING THE FOLLOWING:
   a) AN ORDER ESTABLISHING A DISCOVERY SCHEDULE
   b) AN ORDER REFERRING THE CASE TO ARBITRATION
   c) AN ORDER TRANSFERRING THE CASE TO LIMITED JURISDICTION
   d) AN ORDER DISMISSING FICTITIOUS DEFENDANTS
   e) AN ORDER SCHEDULING EXCHANGE OF EXPERT WITNESS INFORMATION
   f) AN ORDER SETTING SUBSEQUENT CONFERENCE AND THE TRIAL DATE
   g) AN ORDER CONSOLIDATING CASES
   h) AN ORDER SEVERING TRIAL OF CROSS-COMPLAINTS OR BIFURCATING ISSUES
   i) AN ORDER DETERMINING WHEN DEMURRERS AND MOTIONS WILL BE FILED

### SANCTIONS

IF YOU DO NOT FILE THE CASE MANAGEMENT STATEMENT OR ATTEND THE CASE MANAGEMENT CONFERENCE OR PARTICIPATE EFFECTIVELY IN THE CONFERENCE, THE COURT MAY IMPOSE SANCTIONS (INCLUDING DISMISSAL OF THE CASE AND PAYMENT OF MONEY).

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**

I HEREBY CERTIFY THAT I AM THE CLERK OF THIS COURT, NOT A PARTY TO THIS CAUSE; THAT I SERVED A COPY OF THIS NOTICE ON THE BELOW DATE, BY ELECTRONIC SERVICE TO THE PARTIES OR THEIR COUNSEL OF RECORD AT THE EMAIL ADDRESSES SET FORTH BELOW AND SHOWN BY THE RECORDS OF THIS COURT, OR, IF A PHYSICAL MAILING ADDRESS IS PRESENT BELOW, BY PLACING THE DOCUMENT(S) IN AN ENVELOPE FOR COLLECTION AND MAILING, FOLLOWING THE COURT'S ORDINARY BUSINESS PRACTICES FOR COLLECTING AND PROCESSING CORRESPONDENCE FOR MAILING. ON THE SAME DAY THE CORRESPONDENCE IS PLACED FOR COLLECTION AND MAILING, IT IS DEPOSITED IN THE ORDINARY COURSE OF BUSINESS WITH THE UNITED STATES POSTAL SERVICE, IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID.

DATE:   10/14/2025

BY:  /s/K. Whitworth

K. WHITWORTH, DEPUTY CLERK

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



S. Lind
Court Executive Officer

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C25-01456 ON 10/14/2025:


EUGENE Y. TURIN
1089 WILLOWCREEK RD
SUITE 200
SAN DIEGO CA  92131
ETURIN@MCGPC.COM

FAEGRE DRINKER BIDDLE & REATH LLP
Paul A. Rosenthal (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey  07932
Telephone:      +1 973 549 7000
Facsimile:      +1 973 360 9831

Kaylee A. Racs (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East
Los Angeles, California  90067
Telephone:      +1 310 203 4000
Facsimile:      +1 310 229 1285

*Attorneys for Defendant*
*WebMD, LLC*

Electronically Filed by
Superior Court of California,
Contra Costa County
10/28/2025
By: N. McCallister-Villa, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. & WEBMD, LLC,<br><br>Defendant. | Case No. C25-01456<br><br>**STIPULATED REQUEST TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL** |

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff Stacy Penning and Defendant WebMD, LLC ("WebMD") (collectively the "Parties"), as follows:

**WHEREAS**, on May 27, 2025, Plaintiff filed a Complaint in this Court, asserting one cause of action for violation of the California Invasion of Privacy Act, Cal. Penal Code § 630, *et seq.* ("CIPA"), on behalf of himself and a putative class of similarly situated individuals;

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

STIPULATED REQUEST TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL

**WHEREAS**, on July 16, 2025, WebMD[1] timely removed the action to the United States District Court for the Northern District of California pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA");

**WHEREAS**, on August 6, 2025, Plaintiff filed a Motion to Remand;

**WHEREAS**, on October 3, 2025, the District Court granted Plaintiff's Motion to Remand;

**WHEREAS**, on October 14, 2025, WebMD timely file a Petition for Permission to appeal the District Court's remand order to the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1453(c)(1) and briefing on that Petition for Permission remains ongoing;

**WHEREAS,** if WebMD's petition is granted and the District Court's remand order is reversed, this case would return to jurisdiction of the federal District Court;

**WHEREAS**, WebMD contends that the issue currently before the Ninth Circuit Court of Appeals overlaps with the central issue in this case such that a stay pending resolution of the appeal would promote judicial economy, avoid the duplicative expenditure of the Court's resources, and prevent the Parties from having to incur unnecessary expenses;

**WHEREAS**, this Court has discretion to stay proceedings in this case pending the outcome of the Ninth Circuit appeal. *See, e.g.*, *People v. Bell*, 159 Cal. App. 3d 323, 329 (1984) ("Such a stay gives effect to the general rule that a court ordinarily has inherent power, in its discretion, to stay proceedings when such a stay will accommodate the ends of justice.");

**WHEREAS**, a stay in this matter pending resolution of the Ninth Circuit appeal is appropriate. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. AmerisourceBergen Corp.*, 80 Cal. App. 5th 1, 7 (2022) ("But a trial court's broad discretion to dismiss an action 'in the interest of substantial justice' . . . becomes broader still when the court enters a stay rather than a dismissal order.").

**THEREFORE, IT IS STIPULATED TO AND AGREED BY THE PARTIES THAT**: For the reasons presented, all parties to this matter respectfully request that the Court stay these

---

[1] WebMD asserts that co-defendant MedicineNet, Inc. is a defunct company that was a subsidiary of WebMD but has not operated for several years. WebMD further asserts that the website at issue in this action, medicinenet.com, is owned and operated by WebMD.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

proceedings, and any deadlines, pending the resolution of appeal currently pending before the Ninth Circuit Court of Appeal.

Dated: October 22, 2025                    FAEGRE DRINKER BIDDLE & REATH LLP


                                           By: */s/ Paul A. Rosenthal*
                                               Paul A. Rosenthal
                                               Kaylee A. Racs

                                           Attorneys for Defendant WebMD, LLC


Dated: October 22, 2025                    MCGUIRE LAW, P.C.


                                           By: */s/ Eugene Y. Turin*
                                               Eugene Y. Turin

                                           Attorneys for Plaintiff Stacy Penning


**IT IS SO ORDERED.**

                                           Hon. Edward Weil
Dated: 10/24/2025
                                           _____
                                           Hon. Edward G. Weil

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



S. Lind
Court Executive Officer

| CASE NAME:<br>STACY PENNING VS. MEDICINENET, INC. | CASE NUMBER:<br>C25-01456 |
| --- | --- |

1. NOTICE IS HEREBY GIVEN THAT A CASE MANAGEMENT CONFERENCE IS SET IN THE ABOVE ENTITLED CASE AND WILL BE HELD IN THIS COURT ON:

| HEARING DATE:<br>01/27/2026 | HEARING TIME:<br>8:30 AM | HEARING LOCATION:<br>DEPARTMENT 39<br>725 COURT ST  RM 301  MARTINEZ, CA 94553 |
| --- | --- | --- |

THIS FORM, A COPY OF THE NOTICE TO DEFENDANTS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT STATEMENT, AND A BLANK ADR CASE MANAGEMENT STIPULATION AND ORDER FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2. YOU MAY STIPULATE TO AN EARLIER CASE MANAGEMENT CONFERENCE. IF ALL PARTIES AGREE TO AN EARLY CASE MANAGEMENT CONFERENCE, PLEASE CONTACT THE COURT CLERK'S OFFICE AT (925)608-1000 FOR UNLIMITED CIVIL AND LIMITED CIVIL CASES FOR ASSIGNMENT OF AN EARLIER DATE.

3. YOU MUST BE FAMILIAR WITH THE CASE AND BE FULLY PREPARED TO PARTICIPATE EFFECTIVELY IN THE CASE MANAGEMENT CONFERENCE AND TO DISCUSS THE SUITABILITY OF THIS CASE FOR THE EASE PROGRAM, PRIVATE MEDIATION, BINDING OR NON-BINDING ARBITRATION, AND/OR USE OF A SPECIAL MASTER.

4. AT ANY CASE MANAGEMENT CONFERENCE THE COURT MAY MAKE PRETRIAL ORDERS INCLUDING THE FOLLOWING:
   a) AN ORDER ESTABLISHING A DISCOVERY SCHEDULE
   b) AN ORDER REFERRING THE CASE TO ARBITRATION
   c) AN ORDER TRANSFERRING THE CASE TO LIMITED JURISDICTION
   d) AN ORDER DISMISSING FICTITIOUS DEFENDANTS
   e) AN ORDER SCHEDULING EXCHANGE OF EXPERT WITNESS INFORMATION
   f) AN ORDER SETTING SUBSEQUENT CONFERENCE AND THE TRIAL DATE
   g) AN ORDER CONSOLIDATING CASES
   h) AN ORDER SEVERING TRIAL OF CROSS-COMPLAINTS OR BIFURCATING ISSUES
   i) AN ORDER DETERMINING WHEN DEMURRERS AND MOTIONS WILL BE FILED

### SANCTIONS

IF YOU DO NOT FILE THE CASE MANAGEMENT STATEMENT OR ATTEND THE CASE MANAGEMENT CONFERENCE OR PARTICIPATE EFFECTIVELY IN THE CONFERENCE, THE COURT MAY IMPOSE SANCTIONS (INCLUDING DISMISSAL OF THE CASE AND PAYMENT OF MONEY).

**SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY**

I HEREBY CERTIFY THAT I AM THE CLERK OF THIS COURT, NOT A PARTY TO THIS CAUSE; THAT I SERVED A COPY OF THIS NOTICE ON THE BELOW DATE, BY ELECTRONIC SERVICE TO THE PARTIES OR THEIR COUNSEL OF RECORD AT THE EMAIL ADDRESSES SET FORTH BELOW AND SHOWN BY THE RECORDS OF THIS COURT, OR, IF A PHYSICAL MAILING ADDRESS IS PRESENT BELOW, BY PLACING THE DOCUMENT(S) IN AN ENVELOPE FOR COLLECTION AND MAILING, FOLLOWING THE COURT'S ORDINARY BUSINESS PRACTICES FOR COLLECTING AND PROCESSING CORRESPONDENCE FOR MAILING. ON THE SAME DAY THE CORRESPONDENCE IS PLACED FOR COLLECTION AND MAILING, IT IS DEPOSITED IN THE ORDINARY COURSE OF BUSINESS WITH THE UNITED STATES POSTAL SERVICE, IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID.

DATE:   10/14/2025                    BY: /s/K. Whitworth

K. WHITWORTH, DEPUTY CLERK

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



S. Lind
Court Executive Officer

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C25-01456 ON 10/14/2025:


EUGENE Y. TURIN
1089 WILLOWCREEK RD
SUITE 200
SAN DIEGO CA  92131
ETURIN@MCGPC.COM

FAEGRE DRINKER BIDDLE & REATH LLP
Paul A. Rosenthal (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey  07932
Telephone:    +1 973 549 7000
Facsimile:    +1 973 360 9831

Kaylee A. Racs (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East
Los Angeles, California  90067
Telephone:    +1 310 203 4000
Facsimile:    +1 310 229 1285

Attorneys for Defendant
WebMD, LLC

Electronically Filed by
Superior Court of California,
Contra Costa County
1/6/2026
By: N. McCallister-Villa, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. & WEBMD, LLC,<br><br>Defendants. | Case No. C25-01456<br><br>**STIPULATION TO EXTEND DEFENDANT WEBMD, LLC'S TIME TO RESPOND TO COMPLAINT**<br><br>Complaint Filed: May 27, 2025 |

This Stipulation is made and entered by, between, and among Plaintiff Stacy Penning and Defendant WebMD, LLC ("WebMD," and collectively with Plaintiff, the "Parties"), by and through their respective counsel, with reference to the following facts:

**WHEREAS**, Plaintiff filed the Complaint in the Superior Court of California, County of Contra Costa on May 27, 2025;

**WHEREAS**, on July 16, 2025, WebMD[1] timely removed the action to the United States

---

[1] WebMD asserts that co-defendant MedicineNet, Inc. is a defunct company that was a subsidiary of WebMD but has not operated for several years. WebMD further asserts that the website at issue in this action, medicinenet.com, is owned and operated by WebMD.

STIPULATION TO EXTEND DEFENDANT'S TIME TO RESPOND TO COMPLAINT

Processed by Court on 1/6/2026 9:34 AM

District Court for the Northern District of California pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA");

**WHEREAS**, on August 6, 2025, Plaintiff filed a Motion to Remand;

**WHEREAS**, on October 3, 2025, the District Court granted Plaintiff's Motion to Remand;

**WHEREAS**, on October 14, 2025, WebMD timely file a Petition for Permission to appeal the District Court's remand order to the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1453(c)(1);

**WHEREAS**, on October 22, 2025, the Parties submitted a stipulated request to stay the matter pending the resolution of the Ninth Circuit appeal;

**WHEREAS**, on October 24, 2025, the Court ordered a stay of this action;

**WHEREAS**, on December 18, 2025, the Ninth Circuit denied WebMD's Petition for Permission to Appeal, thus permitting the matter to proceed in the Superior Court of Contra Costa;

**WHEREAS**, a true and accurate copy of the Ninth Circuit's December 18, 2025 Order is attached hereto as Exhibit A;

**WHEREAS**, counsel for the Parties have met and conferred regarding a proposed schedule for this matter and reached a mutually agreed proposal that is submitted herewith; and

**WHEREAS**, to allow adequate time for WebMD to fully evaluate Plaintiff's claims, and for the Parties to further discuss WebMD's potential response to the Complaint, the Parties have agreed, subject to the Court's approval, that WebMD shall have up to and including January 30, 2026 to file its response to the complaint. Should WebMD file a demurrer on or before that deadline, the Parties propose that Plaintiff shall have up to and including February 27, 2026 to file her response, and WebMD shall have up to and including March 20, 2026 to file a reply;

**WHEREAS**, the Parties also respectfully request that the Court schedule a case management conference, at its convenience.

**THEREFORE, IT IS STIPULATED TO AND AGREED BY THE PARTIES THAT**: For the reasons presented, all parties to this matter respectfully request that the Court extend WebMD's time to respond to Plaintiff's Complaint until January 30, 2026, and order the proposed

briefing schedule, as well as schedule a case management conference at the Court's convenience.

Dated: January 2, 2026                                  FAEGRE DRINKER BIDDLE & REATH LLP


By: */s/ Paul A. Rosenthal*
Paul A. Rosenthal
Kaylee A. Racs

Attorneys for Defendant
WebMD, LLC


Dated: January 2, 2026                                  MCGUIRE LAW, P.C.


By: */s/ Eugene Y. Turin*
Eugene Y. Turin

Attorneys for Plaintiff
Stacy Penning

Any demurrer will be scheduled based on court availability, which, based on current schedules, will give the parties the time they seek.

**IT IS SO ORDERED.**

Dated: _____1/5/2026_____

Hon. Edward G. Weil
Hon. Edward Weil

- 3 -

STIPULATION TO EXTEND DEFENDANT'S TIME TO RESPOND TO COMPLAINT

# EXHIBIT A

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STACY PENNING, | No. 25-6485 |
| Plaintiff - Respondent, | D.C. No. 4:25-CV-05992-JST |
| v. | Northern District of California, Oakland |
| WEBMD, LLC, | ORDER |
| Defendant - Petitioner, | |
| and | |
| MEDICINENET, INC., | |
| Defendant. | |

Before: CLIFTON and BRESS, Circuit Judges.

The motion (Docket Entry No. 7) for leave to file a reply in support of the petition is granted.

The petition for permission to appeal is denied. *See* 28 U.S.C. § 1453(c); *Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1100 (9th Cir. 2010) (describing factors this court considers in analyzing a CAFA petition).

**FAEGRE DRINKER BIDDLE & REATH LLP**
Paul A. Rosenthal (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: +1 973 549 7000
Facsimile: +1 973 360 9831

Kaylee A. Racs (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: + 310 229 1285

Attorneys for Defendant
WebMD LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. & WEBMD LLC,<br><br>Defendants. | Case No. C25-01456<br><br>Hon. Edward G. Weil<br><br>**DECLARATION OF PAUL A. ROSENTHAL IN SUPPORT OF DEFENDANT WEBMD LLC'S DEMURRER TO PLAINTIFF STACY PENNING'S COMPLAINT**<br><br>[*Filed Concurrently with Notice of Demurrer and Demurrer; Memorandum of Points an Authorities in Support thereof; and [Proposed] Order Granting Defendant's Demurrer*]<br><br>Date:<br>Time:<br>Dept: 39<br>Complaint filed: May 27, 2025 |

DECLARATION OF PAUL A. ROSENTHAL IN SUPPORT OF DEFENDANT WEBMD LLC'S
DEMURRER TO PLAINTIFF'S COMPLAINT

I, Paul A. Rosenthal, declare as follows:

1.    I am an attorney duly admitted to practice in all of the courts of the state of California and I am an attorney with Faegre Drinker Biddle & Reath LLP, counsel of record for Defendant WebMD LLC ("WebMD") in the above-entitled action. I am familiar with all aspects of this case, including all of the matters which are set forth in this Declaration. I make this declaration based upon personal knowledge and, if called upon to do so, I could and would competently testify thereto.

2.    I make this declaration in support of WebMD's Demurrer to Plaintiff Stacy Penning's ("Plaintiff") Complaint.

3.    This Declaration is filed pursuant to California Code of Civil Procedure §§ 430.41 and 435.5.

4.    On May 27, 2025, Plaintiff Stacy Penning filed his Complaint (the "Complaint") against WebMD LLC and Medicinenet, Inc.

5.    On January 16, 2026, I sent an email to counsel for Plaintiff asserting WebMD's intention to demur and requesting a meet and confer.

6.    On January 23, 2026, I met with Plaintiff's counsel over videoconference regarding the objections raised in WebMD's demurrer to Plaintiff's Complaint. The discussion did not lead to a resolution regarding the objections raised in WebMD's demurrer to Plaintiff's Complaint.

7.    WebMD has met its meet and confer obligations and now files its Demurrer to Plaintiff's Complaint. The demurrer is made in good faith and is not for the purpose of delay.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 30th day of January, 2026 at Florham Park, New Jersey.

By:  /s/ *Paul A. Rosenthal*
Paul A. Rosenthal

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

DECLARATION OF PAUL A. ROSENTHAL IN SUPPORT OF DEFENDANT WEBMD LLC'S
DEMURRER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1800 Century Park East, Suite 1500; Los Angeles, CA 90067.

On **January 30, 2026**, I served a copy of the within document(s):

**DECLARATION OF PAUL A. ROSENTHAL IN SUPPORT OF DEFENDANT WEBMD LLC'S DEMURRER TO PLAINTIFF STACY PENNING'S COMPLAINT**

☒ **BY ELECTRONIC SERVICE:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

**MCGUIRE LAW, P.C.**                    *Attorneys for Plaintiff Stacy Penning*
Eugene Y. Turin, Esq.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Telephone:     312-893-7002 Ex. 3
Facsimile:      312-275-7895
Email: eturin@mcgpc.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 30, 2026**, at Los Angeles, California.

Marcela M. Maldonado

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

PROOF OF SERVICE

Electronically Filed Superior Court of CA County of Contra Costa 03/02/2026 Smith, Deputy

**FAEGRE DRINKER BIDDLE & REATH LLP**
Paul A. Rosenthal (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: +1 973 549 7000
Facsimile: +1 973 360 9831

Kaylee A. Racs (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: + 310 229 1285

Attorneys for Defendant
WebMD LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. & WEBMD LLC,<br><br>Defendants. | Case No. C25-01456<br><br>Hon. Edward G. Weil<br><br>**DEFENDANT WEBMD LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF STACY PENNING'S COMPLAINT**<br><br>[*Filed Concurrently with Memorandum of Points and Authorities in Support Thereof; Declaration of Paul A. Rosenthal in Support Thereof; and [Proposed] Order Granting Defendant's Demurrer*]<br><br>Date: 07/30/2026<br>Time: 9:00 am<br>Dept: 39<br>Complaint Filed: May 27, 2025 |

Processed by Court on 2/2/2026 10:24 AM

**TO PLAINTIFF AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2026 at ___ a.m./p.m. or as soon thereafter as the matter may be heard in Department 39 of the above-entitled Court, Defendant WebMD LLC will, and hereby does, move for an order sustaining their demurrer to the Complaint of Plaintiff Stacy Penning ("Plaintiff"), under Code. Civ. Proc. §§ 367 and 430.10(e).

This demurrer is made on the grounds that Plaintiff lacks standing to pursue his Complaint pursuant to Code Civ. Proc. § 367. Additionally, this demurrer is made on the grounds that the Complaint is time barred and fails to state sufficient facts to constitute a cause of action pursuant to Code Civ. Proc. § 430.10(e).

The demurrer is based on this Notice; the Demurrer attached hereto; the Memorandum of Points and Authorities in support thereof; the Declaration of Paul A. Rosenthal; the pleadings, records and papers on file herein; and on such other and further matters as may be presented to the Court on or before the date of this hearing.

As set forth more fully in the Declaration of Paul A. Rosenthal filed concurrently herewith, counsel for WebMD contacted Plaintiff's counsel in an effort to meet and confer pursuant to Code of Civil Procedure section 430.41. The parties met and conferred via remote, virtual conference on January 23, 2026 but were unable to resolve the dispute as to Plaintiff's claims against WebMD.

Dated: January 30, 2026                FAEGRE DRINKER BIDDLE & REATH LLP


By:    /s/ *Paul A. Rosenthal*
       _____
       Paul A. Rosenthal
       Kaylee A. Racs

       Attorneys for Defendant
       WebMD LLC

**DEMURRER TO THE COMPLAINT**

Defendant WebMD LLC hereby demurs to the Complaint on the following grounds:

**DEMURRER TO FIRST CAUSE OF ACTION – VIOLATION OF CALIFORNIA**

**INVASION OF PRIVACY ACT (Cal. Pen. Code § 631(a))**

1.     Plaintiff lacks standing to pursue a cause of action for violations of Section 631(a) of the California Invasion of Privacy Act. Cal. Code Civ. Proc. § 367.

2.     Plaintiff's cause of action for violations of Section 631(a) of the California Invasion of Privacy Act is time barred. Cal. Code Civ. Proc. § 430.10(e).

3.     The pleading does not state facts sufficient to constitute a cause of action for violations of Section 631(a) of the California Invasion of Privacy Act. Cal. Code Civ. Proc. § 430.10(e).

WHEREFORE, Defendant WebMD LLC prays that its Demurrer be sustained, and for such other relief as the Court may deem just and proper.

Dated:  January 30, 2026                    **FAEGRE DRINKER BIDDLE & REATH LLP**


By:     /s/ *Paul A. Rosenthal*
_____
Paul A. Rosenthal
Kaylee A. Racs

Attorneys for Defendant
WebMD LLC

**<u>PROOF OF SERVICE</u>**

I am a citizen of the United States and employed in Los Angeles, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 1800 Century Park East, Suite 1500; Los Angeles, CA  90067.

On **January 30, 2026**, I served a copy of the within document(s):

**DEFENDANT WEBMD LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF STACY PENNING'S COMPLAINT**

☒  **BY ELECTRONIC SERVICE:**  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

**MCGUIRE LAW, P.C.**                          *Attorneys for Plaintiff Stacy Penning*
Eugene Y. Turin, Esq.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Telephone:      312-893-7002 Ex. 3
Facsimile:      312-275-7895
Email: eturin@mcgpc.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **January 30, 2026**, at Los Angeles, California.

_____
Marcela M. Maldonado

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

PROOF OF SERVICE

**FAEGRE DRINKER BIDDLE & REATH LLP**
Paul A. Rosenthal (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: +1 973 549 7000
Facsimile: +1 973 360 9831

Kaylee A. Racs (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: + 310 229 1285

Attorneys for Defendant
WebMD LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. & WEBMD LLC,<br><br>Defendants. | Case No. C25-01456<br><br>Hon. Edward G. Weil<br><br>**DEFENDANT WEBMD LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF STACY PENNING'S COMPLAINT**<br><br>[*Filed Concurrently with Notice of Demurrer and Demurrer; Declaration of Paul A. Rosenthal in Support Thereof; and [Proposed] Order Granting Defendant's Demurrer*]<br><br>Date:<br>Time:<br>Dept: 39<br>Complaint filed: May 27, 2025 |

DEFENDANT WEBMD LLC'S MEMORANDUM IN SUPPORT OF DEMURRER

DMS_US.375454723.5

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................... 1

II.     MEET AND CONFER STATEMENT............................................................................ 1

III.    LEGAL STANDARD ..................................................................................................... 1

IV.     ARGUMENT ................................................................................................................. 2

        A.      Plaintiff Has Not Pled a Concrete Injury Specific to Him ..................................... 2

                1.      Plaintiff Does Not Have a Privacy Interest in the Information
                        Alleged. ...................................................................................................... 2

                2.      Plaintiff Fails to Allege His Information Was Captured............................. 4

                3.      No Personally Identifiable Information Was Captured................................ 5

        B.      Plaintiff's Claims Are Facially Time-Barred and his Fraudulent
                Concealment Theory to Overcome that Flaw is Not Validly Alleged ..................... 6

        C.      Plaintiff Has Failed to Adequately Allege a CIPA Violation ................................. 8

                1.      WebMD is Not Directly Liable Under CIPA............................................... 8

                2.      The software providers alleged to be at issue were parties to
                        Plaintiff's communications. ......................................................................... 9

                3.      Plaintiff's allegation that WebMD used tools to document
                        communications between Plaintiff and WebMD fails to state a valid
                        claim. ......................................................................................................... 11

                4.      Plaintiff has not adequately alleged that the requisite "contents" of
                        communication were captured. .................................................................. 11

                5.      Plaintiff fails to allege that any communications were captured
                        while "in transit." ..................................................................................... 12

V.      CONCLUSION ............................................................................................................. 14

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

- ii -

## TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

*Aryeh v. Canon Business Solutions, Inc.*,
   55 Cal. 4th 1185 (2013) ............................................................................................... 6

*Augustine v. Great Wolf Resorts, Inc.*,
   No. 23-cv-00281-DMS-DTF, 2024 WL 3450967 (S.D. Cal. July 18, 2024) ........................ 12

*Blank v. Kirwan*,
   39 Cal. 3d 311 (1985) ................................................................................................. 2

*Britton v. Girardi*,
   235 Cal. App. 4th 721 (2015)....................................................................................... 7

*C & H Foods Co. v. Hartford Ins. Co.*,
   163 Cal. App. 3d 1055 (1984)................................................................................... 2, 5

*Cole v. Quest Diagnostics, Inc.*,
   No. 2:23-cv-20647-WJM, 2025 WL 88703 (D.N.J. Jan. 14, 2025) ..................................... 10

*Community Cause v. Boatwright*,
   124 Cal. App. 3d 888 (1981)........................................................................................ 7

*Coronel v. Ford Motor Company*,
   No. CV 19-09841 DSF (JEM), 2020 WL 550690 (C.D. Cal. Feb. 4, 2020) ........................ 7, 8

*In re Facebook, Inc. Internet Tracking Litig.*,
   965 F. 3d 589 (9th Cir. 2020)....................................................................................... 9

*Garcia v. Build.com, Inc.*,
   No. 22-cv-01985-DMS-KSC, 2023 WL 4535531 (S.D. Cal. July 13, 2023)......................... 8

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
   806 F.3d 125, 142 (3d Cir. 2015)............................................................................... 9, 10

*Graham v. Noom, Inc.*,
   533 F. Supp. 3d 823 (N.D. Cal. 2021) ........................................................................ 9, 11

*Harrill v. Emanuel Med. Ctr.*,
   No. 2:23-cv-01672-DC-CKD, 2025 WL 1635428 (E.D. Cal. June 9, 2025) ........................ 4, 5

*Heiting v. Taro Pharmaceuticals USA, Inc.*,
   709 F. Supp. 3d 1007 (C.D. Cal. 2023)........................................................................ 11

*Hernandez v. Path, Inc.*,
   No. 12–cv–1515–YGR, 2012 WL 5194120 (N.D. Cal. Oct. 19, 2012)................................ 13

*Howard Jarvis Taxpayers Ass'n v. Coachella Valley Water Dist.*,
   116 Cal. App. 5th 520 (2025)................................................................................... 6, 7

*Johnson v. Blue Nile, Inc.*,
   No. 20-cv-08183-LB, 2021 WL 1312771 (N.D. Cal. Apr. 8, 2021).................................... 11

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

DEFENDANT WEBMD LLC'S MEMORANDUM IN SUPPORT OF DEMURRER

*Khamooshi v. Politico LLC*,
   786 F. Supp. 3d 1174 (N.D. Cal. 2025) ................................................................ 3

*King v. Hard Rock Café Int'l (USA), Inc.*,
   No. 2:24-cv-01119-DC-CKD, 2025 WL 1635419 (E.D. Cal. June 9, 2025) ....... 4, 5

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ........................................................................................ 2

*Lau v. Gen Digital Inc.*,
   No. 22-cv-08981-JST, 2023 WL 10553772 (N.D. Cal. Sept. 13, 2023).............. 7, 8

*Lightoller v. Jetblue Airways Corp.*,
   No. 23-cv-00361-H-KSC, 2023 WL 3963823 (S.D. Cal. June 12, 2023) ............... 3

*Limon v. Circle K. Stores Inc.*,
   84 Cal. App. 5th 671 (2022) ................................................................................ 3

*Long v. Forty Niners Football Co., LLC*,
   33 Cal. App. 5th 550 (2019) ................................................................................ 7

*McCann v. Lucky Money, Inc.*,
   129 Cal. App. 4th 1382 (2005) ............................................................................ 2

*Mikulsky v. Noom, Inc.*,
   682 F. Supp. 3d 855 (S.D. Cal. 2023) .................................................................. 3

*Mikulsky v. Noom, Inc.*,
   No. 3:23-cv-00285-H-MSB, 2024 WL 251171 (S.D. Cal. Jan. 22, 2024) .......... 5, 6

*Muha v. Experian Info. Sols., Inc.*,
   106 Cal. App. 5th 199 (2024).......................................................................... 2, 3, 5

*Nguyen v. Abbott Lab. Inc.*,
   No. 24 CV 8289, 2025 WL 2299753 (N.D. Ill. Aug. 8, 2025) ............................ 10

*NovelPoster v. Javitch Canfield Grp.*,
   140 F. Supp. 3d 938 (N.D. Cal. 2014) ................................................................ 13

*Opperman v. Path*,
   87 F. Supp. 3d 1018 (N.D. Cal. 2014) ................................................................ 13

*Ribas v. Clark*,
   38 Cal. 3d 355 (1985) ........................................................................................ 9

*Rogers v. Ulrich*,
   52 Cal. App. 3d 894 (1975)......................................................................... 8, 9, 11

*Sabi v. Sterling*,
   183 Cal. App. 4th 916 (2010)............................................................................... 2

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
   No. 2:24-cv-06525-WLH-E, 2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) ....... 7, 8

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

- iv -

*Saeedy v. Microsoft Corp.*,
   No. 23-cv-1104, 2023 WL 8828852 (W.D. Wash. Dec. 21, 2023) ........................................ 3

*Serrano v. Priest*,
   5 Cal. 3d 584 (1971) ............................................................................................................. 2

*Thomas v. Papa Johns Int'l, Inc.*,
   2024 WL 2060140 (S.D. Cal. May 8, 2024) .......................................................................... 3

*Thomas v. Papa Johns Int'l, Inc.*,
   No. 22CV2012 DMS (MSB), 2023 WL 6370641 (S.D. Cal. Aug. 14, 2023) ................. 3, 4, 8

*United States v. Pasha*,
   332 F. 2d 193 (7th Cir. 1964) ................................................................................................ 9

*Valenzuela v. Keurig Green Mountain, Inc.*,
   674 F. Supp. 3d 751 (N.D. Cal. 2023) .................................................................................. 13

*In re Vizio, Inc. Consumer Privacy Litigation*,
   238 F. Supp. 3d 1204 (C.D. Cal. 2017) ................................................................................ 13

*Warden v. Kahn*,
   99 Cal. App. 3d 805 (1979) .................................................................................................... 8

*Yale v. Clicktale, Inc.*,
   No. 20-cv-07575-LB, 2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) .................................... 11

*Yoon v. Lululemon USA, Inc.*,
   549 F. Supp. 3d 1073 (C.D. Cal. 2021) ................................................................................ 12

*Zak v. Bose Corp.*,
   No. 17-cv-02928, 2019 WL 1437909 (N.D. Ill. Mar. 31, 2019) ....................................... 9, 10

*In re Zynga Privacy Litig.*,
   750 F. 3d 1098 (9th Cir. 2014) ....................................................................................... 11, 12

**Statutes, Rules & Regulations**

Cal. Code Civ. Proc. § 340(a) ....................................................................................................... 6

Cal. Penal Code § 631 .............................................................................................................. 9, 13

Cal. Penal Code § 631(a) .............................................................................................. 1, 2, 8, 13

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

DEFENDANT WEBMD LLC'S MEMORANDUM IN SUPPORT OF DEMURRER

Pursuant to Code of Civil Procedure Sections 367 and 430.10(e), and California Rule of Court 3.1320, Defendant WebMD LLC ("WebMD")[1] hereby submits this Memorandum of Points and Authorities in Support of its Demurrer to Plaintiff Stacy Penning's Complaint, as follows:

## I.    INTRODUCTION

Plaintiff's Complaint asserts a single claim for violations of Section 631(a) of the California Invasion of Privacy Act ("CIPA"). That claim fails as a matter of law for three independent reasons. *First*, Plaintiff fails to allege actions by WebMD that create a valid injury, or that he himself was subjected to any of the conduct of which he complains. *Second*, Plaintiff's Complaint is undisputedly filed outside the permissible statute of limitations and his fraudulent concealment allegations cannot overcome that flaw because he fails to plead the circumstances of the alleged fraud with sufficient particularity. And, *third*, Plaintiff fails to state a valid claim for relief under Section 631(a).

Plaintiff thus fails to satisfy his legal obligation to plead sufficient facts establishing entitlement to relief under California law, and WebMD demurs to the Complaint in its entirety. Additionally, because Plaintiff cannot cure the defects through amendment, leave to amend should be denied. WebMD respectfully requests that the Court sustain its demurrer without leave to amend.

## II.    MEET AND CONFER STATEMENT

Pursuant to Code of Civil Procedure 430.41, counsel for WebMD and Plaintiff met and conferred in good faith via video conference and follow-up email on January 23, 2025. *See* Declaration of Paul A. Rosenthal, filed concurrently herewith.

## III.    LEGAL STANDARD

A demurrer tests the legal sufficiency of a pleading. A party against whom a complaint has been filed may object by demurrer that the complaint fails to state facts sufficient to constitute a cause of action. Code Civ. Proc. § 430.10(e). A court must "treat [a] demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or

---

[1] Co-defendant MedicineNet, Inc. is a defunct company that was a subsidiary of WebMD but has not operated for several years. The website at issue in this action, medicinenet.com, is owned and operated by WebMD. *See* July 9, 2025 Declaration of Tyler Lohse in Support of Defendant WebMD LLC's Notice of Removal of Action to Federal Court, at ¶ 4, filed with this Court on July 17, 2025.

law." *Serrano v. Priest*, 5 Cal. 3d 584, 591 (1971); *Blank v. Kirwan*, 39 Cal. 3d 311, 318 (1985). Moreover, "[d]oubt in the complaint may be resolved against plaintiff and facts not alleged are presumed not to exist." *C & H Foods Co. v. Hartford Ins. Co.*, 163 Cal. App. 3d 1055, 1062 (1984). A demurrer may be sustained with leave to amend, but only where there is a reasonable possibility that the defect can be cured by amendment. *Blank*, 39 Cal. 3d at 318. "The burden of proving such reasonable possibility is squarely on the plaintiff." *Id.*

**IV.    ARGUMENT**

**A.    <u>Plaintiff Has Not Pled a Concrete Injury Specific to Him</u>**

Plaintiff's bald conclusions and generalized assertions are inadequate to establish that WebMD's website at medicinenet.com (the "Website") captured information that: (1) Plaintiff can reasonably expect to be private; (2) is particular to Plaintiff; and (3) can be linked to Plaintiff. Because he fails to allege a concrete and particularized injury, Plaintiff's claims cannot survive.

The California Supreme Court has explained that "injury in fact is an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322–23 (2011). "'Particularized' in this context means simply that the injury must affect the plaintiff in a personal and individual way." *Id.* at 323. California courts have not spoken on the issue of injury in the context of Section 631(a); however, federal court decisions stand as a persuasive basis for demurrer. *See McCann v. Lucky Money, Inc.*, 129 Cal. App. 4th 1382, 1396 (2005) (noting that even if federal court opinions are not binding as to issues of state law, "that certainly does not stop us from relying upon the federal court opinions for their cogent reasoning and persuasive value"); *Sabi v. Sterling*, 183 Cal. App. 4th 916, 943 & n.17 (2010) ("When state law is identical or similar to federal legislation, federal decisions are a guide to the interpretation of state law.").

**1.    Plaintiff Does Not Have a Privacy Interest in the Information Alleged.**

An alleged statutory violation, alone, does not give rise to a concrete injury sufficient to support the conclusion that a plaintiff has a beneficial interest in the outcome of a litigation. *Muha v. Experian Info. Sols., Inc.*, 106 Cal. App. 5th 199, 207–08 (2024). The Appellate Division has

confirmed that "as a general matter, to have standing to pursue a claim for damages in the courts of California, a plaintiff must be beneficially interested in the claims he is pursuing." *Limon v. Circle K. Stores Inc.*, 84 Cal. App. 5th 671, 700 (2022). This means "a plaintiff must allege he or she suffered a concrete 'injury,' as that term is used in Article III standing jurisprudence, to sue in California state court." *Muha*, 106 Cal. App. 5th at 208; *Limon*, 84 Cal. App. 5th at 697–98. "[California courts] have also equated the 'beneficially interested' test for standing in California to the injury-in-fact prong of the Article III test for standing in the federal courts." *Muha*, 106 Cal. App. 5th at 207. Plaintiff fails to allege an injury or interest because the only information he alleges may be collected is "which buttons they click . . . search box queries, and detailed information about which types of database entries they have selected on [the Website]." (Compl. ¶ 21.)

Plaintiff's allegations of injury are not the kind that constitute a protectable privacy interest. Courts routinely find that "mouse movements, clicks, keystrokes, keywords, URLs of web pages visited . . . and website browsing activities" are not something over which a consumer has an objectively reasonable expectation of privacy. *Saeedy v. Microsoft Corp.*, No. 23-cv-1104, 2023 WL 8828852, at *4 (W.D. Wash. Dec. 21, 2023) (finding plaintiffs had no reasonable expectation of privacy in their browsing data); *see also Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025) (finding allegations that IP addresses and browser and device data were captured were insufficient to assert protectable privacy interests); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864–65 (S.D. Cal. 2023) (concluding there was no injury in fact because Plaintiff did not "identify the specific personal information she disclosed that implicates a protectable privacy interest"). Thus, the claim cannot stand.

For example, in *Thomas v. Papa Johns Int'l, Inc.*, the court found that the alleged collection of mouse movements, clicks, keystrokes, and URLs of webpages visited is "a far cry from the type of data that supports a finding of a reasonable expectation of privacy," and dismissed the case in its entirety. No. 22cv2012 DMS (MSB), 2024 WL 2060140, at *4 (S.D. Cal. May 8, 2024). Similarly, in *Lightoller v. Jetblue Airways Corp.*, "mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), URLs of webpages visited, and/or other electronic communications in real-time" were "insufficient to allege a concrete harm." No. 23-cv-00361-H-

KSC, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023). Because Plaintiff asserts only the same button clicks and webpages visited as at issue in *Thomas*, *Lightoller*, and the other aforementioned cases, his Complaint fails to set forth a valid privacy interest in the information allegedly captured; thus, the Complaint similarly fails as a matter of law and WebMD's demurrer should be sustained.

**2.    Plaintiff Fails to Allege His Information Was Captured.**

Plaintiff's claim also and independently fails because he does not allege that *his* personal information was captured, let alone disclosed in a way that would establish a concrete injury. Even if the type of generic information described in the Complaint could constitute a beneficial interest (it cannot), Plaintiff never alleges that his own mouse movements, keystrokes, or webpage views were intercepted. Instead, he offers a hypothetical scenario, using illustrative figures to suggest what *might* have occurred, without alleging that it actually happened to him. (Compl. ¶¶ 25–26.) Such allegations are insufficient to state a valid claim and require that WebMD's demurrer be sustained.

In lieu of presenting evidence of Plaintiff's own experience, the Complaint includes two figures, allegedly illustrating that by entering the word "pregnancy" as a search query, a URL including the word "pregnancy" was captured and disclosed. (*Id.*) Plaintiff, however, fails to allege that he searched for "pregnancy," or that any specific search term of his was captured during his visit to the Website. The law requires more. That someone may have had their information captured is insufficient if Plaintiff himself did not have *his* information captured.

Faced with similar allegations, a federal court recently found that the plaintiff had not stated a cognizable CIPA claim where, *inter alia*, "Plaintiff's complaint [did] not specify or describe the searches Plaintiff conducted on the Website." *Harrill v. Emanuel Med. Ctr.*, No. 2:23-cv-01672-DC-CKD, 2025 WL 1635428, at *10 (E.D. Cal. June 9, 2025). In *Harrill*, the plaintiff alleged search bar inquiries constituted contents of communications and the defendant's website was capable of capturing and sharing such search submissions; however, the court confirmed such allegations were insufficient without "specify[ing] or describ[ing] the searches Plaintiff conducted on the website." *Id.* Similarly, in *King v. Hard Rock Café Int'l (USA), Inc.*, the court observed that the plaintiff "does not identify with specificity what information she provided on Defendant's

Website that was intercepted," highlighting that the pleading "[did] not describe her browsing activity, such as what webpages she viewed, what buttons she clicked, what search terms she used, what destinations she searched for, or what her desired dates of travel were." No. 2:24-cv-01119-DC-CKD, 2025 WL 1635419, at *4 (E.D. Cal. June 9, 2025). There, as here, "Plaintiff does not allege she conducted the searches or visited the webpages provided in the examples." *Id.* The *King* court dismissed the plaintiff's complaint as a matter of law. *Id.* at *5. The same result is appropriate here.

Plaintiff's hypothetical or speculative injuries do not suffice. "[T]he [plaintiff] must be able to demonstrate that he or she has some such beneficial interest that is concrete and actual, and not conjectural or hypothetical." *Muha*, 106 Cal. App. 5th at 208 (internal quotation omitted). Plaintiff's Complaint fails to meet that standard.

Plaintiff's Complaint contains no allegations that his personal information was actually captured; thus, these facts are "presumed not to exist." *C & H Foods Co.*, 163 Cal. App. 3d at 1062. Because Plaintiff fails to allege that his personal information was captured, he cannot and does not state a valid claim for relief.

### 3.    No Personally Identifiable Information Was Captured.

Additionally, Plaintiff fails to allege that WebMD was provided any "information" that could identify Plaintiff or connect any purported data capture to him personally. That omission is independently fatal to his claim.

When faced with a similar record, multiple California district courts have held that disclosure of non-identifiable data alone is insufficient to establish an injury-in-fact. For example, in *Mikulsky v. Noom, Inc.*, the plaintiff alleged that the defendant's website captured and disseminated her "sensitive health information"—including her weight, gender, age, medical and family history, and marital status—via an online survey. No. 3:23-cv-00285-H-MSB, 2024 WL 251171, at *1, 5 (S.D. Cal. Jan. 22, 2024). Accepting those allegations as true, the court found that because there was no alleged way for the defendant to link that information with the plaintiff herself, she had not established a sufficient injury to state a valid claim. *Id.* at *4. Even there, in the face of alleged disclosure of personal and health information, the inability to link that information

to the plaintiff meant the case failed as a matter of law. *Id.*

The same deficiency is present here. Even if Plaintiff had alleged that his own personal, private information was captured (he has not), the Complaint contains no factual allegations showing that WebMD, or any third party, could link any of that captured information to Plaintiff. That failure is fatal to his claim and requires that WebMD's demurrer be sustained.

For each of these three reasons—lack of a privacy interest, failure to allege capture of his information, and failure to allege any ability to link captured information to him—Plaintiff has not alleged that he has a beneficial interest in this case and WebMD's demurrer must be sustained.

**B.     Plaintiff's Claims Are Facially Time-Barred and his Fraudulent Concealment Theory to Overcome that Flaw is Not Validly Alleged**

The statute of limitations under the CIPA is one year. Cal. Code Civ. Proc. § 340(a). Plaintiff does not allege that he visited the Website within one year of filing this action and instead alleges that he visited the Website "within the past two years." (Compl. ¶ 32.) On its face, Plaintiff's claim is untimely and Plaintiff's assertion that the statute of limitations should be tolled under a fraudulent concealment theory (Compl. ¶¶ 49–51) is insufficiently pled. Where, as here, a demurrer demonstrates that a pleading is untimely on its face, it becomes the plaintiff's burden "even at the pleading stage" to establish an exception to the limitations period. *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1197 (2013). Plaintiff cannot meet that burden; thus, untimeliness stands as an independent basis for demurrer.

To salvage his untimely cause of action, Plaintiff offers a formulaic recitation of the elements of fraudulent concealment. Specifically, Plaintiff alleges that the "statute of limitations are tolled by virtue of Defendants' knowing and active concealment of the facts alleged" because "Defendants were under a duty to disclose the true character, quality, and nature of its activities to Plaintiff and the Class." (Compl. ¶¶ 49–50.) That is insufficient to state a timely claim.

"Equitable tolling halts the running of the limitations period so long as the plaintiff uses reasonable care and diligence in attempting to learn the facts that would disclose the defendant's fraud or other misconduct." *Howard Jarvis Taxpayers Ass'n v. Coachella Valley Water Dist.*, 116 Cal. App. 5th 520, 556–57 (2025). To establish equitable tolling based on fraudulent concealment,

"a plaintiff must prove the following elements: fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." *Id.* at 557. It is well-established that "when it is apparent on the face of a pleading that the applicable statute of limitations has run, in order to avoid the bar of the statute, the pleader must state with particularity facts, rather than conclusions, which excuse his failure to learn of the fraud within the statutory period." *Community Cause v. Boatwright*, 124 Cal. App. 3d 888, 902 (1981); *Britton v. Girardi*, 235 Cal. App. 4th 721, 734 (2015) ("To take advantage of [the fraudulent concealment] doctrine the plaintiff must show the substantive elements of fraud and an excuse for late discovery of the facts.") (internal quotations omitted). Accordingly, where a claim on its face falls outside the statute of limitations, it cannot survive without pleading a valid rationale for tolling the statute of limitations. *Long v. Forty Niners Football Co., LLC*, 33 Cal. App. 5th 550, 555 (2019).

Plaintiff's conclusory allegations fail to offer any facts with particularity or detail what, specifically, WebMD did to conceal Plaintiff's cause of action, let alone where, when, or how it did so. Under similar circumstances, courts have rejected such allegations as insufficient to meet the particularity requirement to toll CIPA's statute of limitations under the fraudulent concealment doctrine. *See, e.g.*, *Lau v. Gen Digital Inc.*, No. 22-cv-08981-JST, 2023 WL 10553772, at *3 (N.D. Cal. Sept. 13, 2023) (dismissing CIPA claim as time barred where the plaintiffs alleged only that defendant "w[as] under a duty to disclose the true character, quality, and nature of [its] activities" and noting that "fraudulent concealment requires conduct above and beyond the wrongdoing upon which the plaintiff's claim is filed"); *Saedi v. SPD Swiss Precision Diagnostics GmbH*, No. 2:24-cv-06525-WLH-E, 2025 WL 1141168, at *11–12 (C.D. Cal. Feb. 27, 2025) (dismissing CIPA claim as "facially time-barred" because the plaintiff visited the website more than a year prior to asserting her claims without adequately pleading a mechanism to toll the statute of limitations); *see also Coronel v. Ford Motor Company*, No. CV 19-09841 DSF (JEM), 2020 WL 550690, at *3 (C.D. Cal. Feb. 4, 2020) (rejecting fraudulent concealment theory and dismissing complaint without leave to amend where the entirety of plaintiff's fraudulent concealment allegations were that

defendant "failed to disclose and actively concealed material facts").

Plaintiff's allegations regarding WebMD's purported "concealment" (Compl. ¶¶ 49–50) are *identical* to those rejected as insufficient in *Lau*, and, like the plaintiffs in *Saedi* and *Coronel*, he fails to plead any specific method by which WebMD's behavior tolled the statute of limitations. Accordingly, Plaintiff fails to adequately plead fraudulent concealment to maintain his time-barred claim; thus, his claim is untimely claim and WebMD's demurrer must be sustained.

### C.      Plaintiff Has Failed to Adequately Allege a CIPA Violation

Plaintiff's Complaint fails to state a valid claim for five independent reasons. *First*, it appears to be undisputed that WebMD cannot be directly liable under Section 631(a) because WebMD is admitted to be a party to the conversation with Plaintiff. *Second*, the other alleged information recipients are also parties to the communication and thus there is no outside party for WebMD to aid and abet. *Third*, and in the alternative, the tracking technologies employed on the Website are tools, more akin to tape recorders, and thus the "third-party vendors" are not third parties at all. *Fourth*, Plaintiff fails to allege capture of the "contents" of any communication. *Fifth*, and finally, Plaintiff alleges that WebMD "disclosed" Plaintiff's communications to third parties, which undermines any assertion that the third parties intercepted communications while in transit. For each of these five independent reasons, Plaintiff fails to establish required elements of CIPA; thus, he fails to state a valid claim and WebMD's demurrer should be sustained.

### 1.      WebMD is Not Directly Liable Under CIPA.

Plaintiff has asserted that his communications were intended to be between him and WebMD through the Website (Compl. ¶¶ 54–56); accordingly, WebMD is conceded to be a party to the alleged communications with Plaintiff. It is well settled that parties are not subject to liability for monitoring communications in "conversations" of which they are part. *See, e.g.*, *Garcia v. Build.com, Inc.*, No. 22-cv-01985-DMS-KSC, 2023 WL 4535531, at *5 (S.D. Cal. July 13, 2023); *Thomas v. Papa Johns Int'l, Inc.*, No. 22CV2012 DMS (MSB), 2023 WL 6370641, at *6 (S.D. Cal. Aug. 14, 2023) (adopting holding and rationale of *Garcia*); *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) ("[S]ection 631 . . . has been held to apply only to eavesdropping by a third party and not to recording by a participant to a conversation."); *see also Rogers v. Ulrich*, 52 Cal. App. 3d

894, 899 (1975) ("It is never a secret to one party to a conversation that the other party is listening to the conversation."). The Ninth Circuit Court of Appeals has confirmed that Section 631 "contain[s] an exception from liability for a person who is a 'party' to the communication. . . ." *In re Facebook, Inc. Internet Tracking Litig.*, 965 F. 3d 589, 607 (9th Cir. 2020). Thus, the party exception precludes any direct CIPA liability against WebMD.

### 2.    The software providers alleged to be at issue were parties to Plaintiff's communications.

To the extent Plaintiff alleges that WebMD is liable for aiding and abetting unknown and unnamed third-party vendors in intercepting Plaintiff's communications with the Website, the party exception precludes liability for WebMD because a party to a communication "does not violate § 631 by recording the communication." In *Rogers*, the Appellate Division confirmed that a party using a tape recorder did not violate Section 631. 52 Cal. App. 3d at 897–99; *see also Ribas v. Clark*, 38 Cal. 3d 355, 360 & n.3 (1985) ("[*Rogers*] held, correctly, that section 631 does not penalize the secret recording of a conversation by one of the participants."). "[A] party to a communication can record [a communication] (and is not eavesdropping when it does)." *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 831 (N.D. Cal. 2021). Plaintiff alleges nothing more to have occurred here.

Intentional wiretapping requires invading a communication to which one is not a party; thus, "the relevant inquiry is whether the defendant is a participant in the conversation, as opposed to a non-participant that uses other means to gain access to—*i.e.*, intercept—the communication." *Zak v. Bose Corp.*, No. 17-cv-02928, 2019 WL 1437909, at *3 (N.D. Ill. Mar. 31, 2019) (citing *United States v. Pasha*, 332 F. 2d 193, 198 (7th Cir. 1964)). While WebMD is not aware of any California state courts to have directly addressed the issue in the context of alleged wiretapping of communications with a website, multiple courts outside of California have adopted the Third Circuit Court of Appeals' reading of the party exception from *In re Google Inc. Cookie Placement Consumer Priv. Litig.* to prevent liability for website owners for placement of software, like Amazon's, on their websites. This Court should too.

In *Google Cookie*, the district court dismissed CIPA claims asserted against providers of

software used to collect website visitors' information where the "plaintiffs' browsers sent that information directly to the [the third-party's] servers," rendering the those third-parties parties to the communication. 806 F.3d 125, 142 (3d Cir. 2015). The Third Circuit affirmed, finding that because "the defendants acquired the plaintiffs' internet history information by way of GET requests that the plaintiffs sent directly to the [alleged third parties]," they were "necessarily" a party to the communication. *Id.* at 142–43. Multiple courts have confirmed that such allegations cannot stand as a valid basis for CIPA liability against website owners/operators that are alleged to have deployed such software on their websites. *See, e.g., Nguyen v. Abbott Lab. Inc.*, No. 24 CV 8289, 2025 WL 2299753, at *4–6 (N.D. Ill. Aug. 8, 2025) (citing *Google Cookie* and confirming the party exception applies where software on the defendant's webpage was allegedly collecting information); *Cole v. Quest Diagnostics, Inc.*, No. 2:23-cv-20647-WJM, 2025 WL 88703, at *3 (D.N.J. Jan. 14, 2025), *aff'd*, 2025 WL 3172640 (3d Cir. Nov. 13, 2025) (same).

The decision of the court in *Zak v. Bose Corp.* is instructive. In that case, the plaintiff alleged that undisclosed software collected personal identifiers, music listening preferences, and audio history communications between the plaintiff and a third-party app. 2019 WL 1437909, at *1. Despite the plaintiff's conclusory assertions to the contrary, the court held that the defendant was a party to the conversation between the listener and the music-providing app so it could not have violated the CIPA or the federal Wiretap Act upon which CIPA was based. *Id*. at *3. The court held that was true even where a consumer alleged they were unaware of the software, stating "[i]ndeed, a defendant is a party to the communication within the meaning of the Wiretap Act when the defendant is a participant, even if the defendant was not an *intended* participant, and even if the defendant became a participant through a fraud in the inducement." *Id.* (emphasis in original).

Here, Plaintiff alleges that the Amazon pixel is a piece of code integrated into the Website, which "tracks users' electronic communications." (Compl. ¶ 24.) Even if Plaintiff did not intend to communicate with these technologies, technologies integrated into the Website were parties to the communications at issue. Plaintiff fails to allege that Amazon (or any other software) was a non-party to the communications alleged to be at issue. As a matter of law, a party to a communication cannot be liable for wiretapping; thus, there is no alleged violation of the CIPA for WebMD to have

aided and abetted.

### 3. Plaintiff's allegation that WebMD used tools to document communications between Plaintiff and WebMD fails to state a valid claim.

Even if the third-party vendor technologies are not parties to the communications at issue (they are), multiple well-reasoned decisions have found that a plaintiff's use of the "third-party" label is not dispositive as to a participant's role in a conversation. Rather, courts have looked to what the software is alleged to do. *See Graham*, 533 F. Supp. 3d at 832–33; *see also Yale v. Clicktale, Inc.*, No. 20-cv-07575-LB, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) ("Clicktale is not a third-party eavesdropper. It is a vendor that provides a software service that allows its clients to monitor their website traffic."); *Johnson v. Blue Nile, Inc.*, No. 20-cv-08183-LB, 2021 WL 1312771, at *1 (N.D. Cal. Apr. 8, 2021) ("The plaintiff does not plausibly plead that FullStory eavesdropped on her communications with Blue Nile and pleads only that FullStory is Blue Nile's vendor for software services."). Here, the only alleged "third party" Plaintiff identifies in his Complaint is Amazon, which is allegedly "integrate[d]" into the Website and "tracks users' online communications and online activity." (Compl. ¶ 24.) Here, as in *Graham*, *Yale*, *and Johnson*, the alleged tracking technologies "provide[] a tool—like the tape recorder in *Rogers*—that allows [WebMD] to record and analyze its own data in aid of [WebMD]'s business." *Graham*, 533 F. Supp. 3d at 832–33. Accordingly, "[Amazon] is not a third-party eavesdropper." *Id*. Plaintiff alleges nothing more and, therefore, the demurrer should be sustained.

### 4. Plaintiff has not adequately alleged that the requisite "contents" of communication were captured.

CIPA is narrowly constructed in that it does not bar the capture of all information; rather, it protects against the capture of "contents" of communication which is limited to "information concerning the substance, purpose, or meaning of [a] communication." *Heiting v. Taro Pharmaceuticals USA, Inc.*, 709 F. Supp. 3d 1007, 1018 (C.D. Cal. 2023) (citation omitted); *In re Zynga Privacy Litig.*, 750 F. 3d 1098, 1106–07 (9th Cir. 2014). The Ninth Circuit Court of Appeals has held that protected "contents" includes the intended substantive message conveyed by the communication but does not include "record information" regarding the characteristics of the

message that is generated in the course of the communication, such as a name, address, or the identity of a subscriber or customer. *Zynga*, 750 F. 3d at 1106–07. Moreover, personal information, including telephone numbers, credit card numbers, bank account numbers, names, and addresses, is not protected, unless such information is part of the substance of a communication. *Id.* at 1107.

Here, Plaintiff alleges that WebMD collected "information about which buttons [users] click . . . and information about which types of database entries they have selected on the Website. (Compl. ¶ 27.)[2] That information, accepted as true, does not fall within the scope of "contents" protected by the CIPA. In *Yoon v. Lululemon USA, Inc.*, the court specifically confirmed that "keystrokes, mouse clicks, pages viewed, and shipping and billing information . . . and the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" did not constitute message content sufficient to support a CIPA claim. 549 F. Supp. 3d 1073, 1082–83 (C.D. Cal. 2021); *see also Augustine v. Great Wolf Resorts, Inc.*, No. 23-cv-00281-DMS-DTF, 2024 WL 3450967, at *6 (S.D. Cal. July 18, 2024) (finding that entering a credit card number did not constitute an "intended message conveyed" to the website). Plaintiff's allegations that WebMD captured button clicks, pages viewed, and perhaps search query terms (though not Plaintiff's search terms) (Compl. ¶ 21), are far less substantial than those of the plaintiff in *Yoon* and are insufficient to show that the "contents" of communication were captured. Plaintiff does not allege that WebMD collected any "content" concerning the "substance, purpose, or meaning of [a] communication" as required by CIPA, which is sufficient to sustain the demurrer.

**5.    Plaintiff fails to allege that any communications were captured while "in transit."**

Plaintiff has not, because he cannot, allege that any communication was "intercepted" while it was "in transit or passing over a wire, line or cable" as required to allege a valid CIPA claim.

---

[2] Plaintiff also alleges that WebMD collected information about search box queries, however, as discussed *supra* in Section IV.A, Plaintiff fails to allege that WebMD collected the "exact text and phrases" (Compl. ¶ 27) that Plaintiff typed into the Website, which is insufficient to establish that the contents of Plaintiff's communication was captured.

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

DEFENDANT WEBMD LLC'S MEMORANDUM IN SUPPORT OF DEMURRER

Cal. Penal Code § 631(a). Courts applying Section 631 and the federal Wiretap Act[3] have acknowledged that, given the speed of modern internet communications, "the Wiretap Act's application to that form of electronic communication is undoubtedly limited." *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 951, 954 (N.D. Cal. 2014) (dismissing Section 631 claims for failure to sufficiently allege interception). Because internet communications travel so quickly, there is only an incredibly narrow window during which an interception could occur. *See id.* at 951–52. However, to meet his obligation to plead an in-transit interception, Plaintiff must allege facts about how the interception occurs. *See Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023). In *Valenzuela*, the court probed beyond the bald statement that communications were intercepted in real time and asked "[b]ut how?" *Id.* In trying to answer that question, the Court found that the "[p]laintiff's simultaneity claims [were] just too conclusory to survive," where the allegations offered nothing more than a formulaic recitation of the elements of the cause of action. *Id.* Plaintiff offers nothing more in a failed effort to establish in-transit interception.

Plaintiff parrots CIPA's elements but fails to provide any factual allegations to support the assertion that any information was intercepted while "in transit" or "in real time." (Compl. ¶¶ 23, 56.) In *In re Vizio, Inc. Consumer Privacy Litigation*, the court granted a defendant's motion to dismiss the CIPA claims where the plaintiffs similarly made only conclusory allegations of an interception in transit. *See* 238 F. Supp. 3d 1204, 1227–28 (C.D. Cal. 2017). That court held:

> Plaintiffs have not articulated with sufficient clarity when Vizio supposedly intercepted their communications. Besides their conclusory allegation that Vizio intercepted their electronic communications "during transmission." . . . While Plaintiffs need not prove their theory of interception on a motion to dismiss, Plaintiffs must provide fair notice to Defendants of when they believe Vizio intercepts their communications.

*Id.* Here, as in *Vizio*, Plaintiff does not plausibly allege when or how his communications were

---

[3] The analysis for a violation of CIPA is the same as that under the federal Wiretap Act. *See Opperman v. Path*, 87 F. Supp. 3d 1018, 1063–65 (N.D. Cal. 2014) (summarily dismissing CIPA claim for the same reasons the Wiretap Act claim was dismissed); *Hernandez v. Path, Inc.*, No. 12–cv–1515–YGR, 2012 WL 5194120, at *5 (N.D. Cal. Oct. 19, 2012) (same).

FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

DEFENDANT WEBMD LLC'S MEMORANDUM IN SUPPORT OF DEMURRER

intercepted "in transit." Instead, he recites the bare elements of the statute and uses legal terms of art without factual allegations that, if proven, could support his claim. That is insufficient.

Furthermore, Plaintiff undermines his assertion of "in transit" capture by repeatedly stating that WebMD "disclosed" information to one or more third-party. (Compl. ¶¶ 3, 4, 5, 22, 25, 26, 28, 29.) Using the word "disclosure" necessarily implies that WebMD first captured and then disclosed information, thus undermining any allegation that third-party vendors themselves captured information while in transit to WebMD. Put differently, had a third party captured the information while it was in transit to WebMD, there would be no need for WebMD to then disclose such information to that third party. Plaintiff's allegations fail to validly allege the required element of in-transit interception; thus, the demurrer should be sustained.

For each of the five separate reasons stated above, Plaintiff's allegations do not state a valid CIPA claim and thus WebMD's demurrer should be sustained for Plaintiff' failure to state a claim.

**V.    CONCLUSION**

For the foregoing reasons, WebMD respectfully requests that its demurrer be sustained in its entirety.

Dated: January 30, 2026                    FAEGRE DRINKER BIDDLE & REATH LLP


                                            By:  /s/ *Paul A. Rosenthal*
                                                Paul A. Rosenthal
                                                Kaylee A. Racs

                                            Attorneys for Defendant
                                            WebMD LLC

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 1800 Century Park East, Suite 1500; Los Angeles, CA 90067.

On **January 30, 2026**, I served a copy of the within document(s):

**DEFENDANT WEBMD LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF STACY PENNING'S COMPLAINT**

☒ **BY ELECTRONIC SERVICE:** by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

**MCGUIRE LAW, P.C.**                    *Attorneys for Plaintiff Stacy Penning*
Eugene Y. Turin, Esq.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Telephone:      312-893-7002 Ex. 3
Facsimile:      312-275-7895
Email: eturin@mcgpc.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **January 30, 2026**, at Los Angeles, California.

_____
Marcela M. Maldonado

FAEGRE DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
FLORHAM PARK

- 1 -

PROOF OF SERVICE

**FAEGRE DRINKER BIDDLE & REATH LLP**
Paul A. Rosenthal (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: +1 973 549 7000
Facsimile: +1 973 360 9831

Kaylee A. Racs (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: + 310 229 1285

Attorneys for Defendant
WebMD LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MEDICINENET, INC. & WEBMD LLC,<br><br>Defendants. | Case No. C25-01456<br><br>Hon. Edward G. Weil<br><br>**[PROPOSED] ORDER SUSTAINING THE DEMURRER OF DEFENDANT WEBMD LLC TO PLAINTIFF STACY PENNING'S COMPLAINT**<br><br>[*Filed Concurrently with Notice of Demurrer and Demurrer; Memorandum of Points and Authorities in Support Thereof; and Declaration of Paul A. Rosenthal in Support Thereof*]<br><br>Date:<br>Time:<br>Dept: 39<br>Complaint Filed: May 27, 2025 |

[PROPOSED] ORDER SUSTAINING THE DEMURRER OF DEFENDANT WEBMD LLC TO PLAINTIFF'S COMPLAINT

**[PROPOSED] ORDER**

Having considered Defendant WebMD LLC's Demurrer to Plaintiff's Complaint, the Court finds and rules as follows:

WebMD LLC's Demurrer to Plaintiff's Complaint is **SUSTAINED** pursuant to Code of Civil Procedure §§ 367 and 430.10(e) without leave to amend. The Complaint is dismissed in its entirety.

**IT IS SO ORDERED.**

Dated: _____, 2026

_____
HON. EDWARD G. WEIL
JUDGE OF THE SUPERIOR COURT

- 2 -

**PROOF OF SERVICE**

I am a citizen of the United States and employed in Los Angeles, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 1800 Century Park East, Suite 1500; Los Angeles, CA  90067.

On **January 30, 2026**, I served a copy of the within document(s):

**[PROPOSED] ORDER SUSTAINING THE DEMURRER OF DEFENDANT WEBMD LLC TO PLAINTIFF STACY PENNING'S COMPLAINT**

☒    **BY ELECTRONIC SERVICE:**  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

**MCGUIRE LAW, P.C.**                              *Attorneys for Plaintiff Stacy Penning*
Eugene Y. Turin, Esq.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Telephone:     312-893-7002 Ex. 3
Facsimile:     312-275-7895
Email: eturin@mcgpc.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on **January 30, 2026**, at Los Angeles, California.

_____
Marcela M. Maldonado

PROOF OF SERVICE

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



S. Lind
Court Executive Officer

EUGENE Y. TURIN
1089 WILLOWCREEK RD
SUITE 200
SAN DIEGO CA  92131
eturin@mcgpc.com

| NOTICE OF REASSIGNMENT OF CASE | |
| --- | --- |
| **CASE NAME:**<br>STACY PENNING VS. MEDICINENET, INC. | **CASE NUMBER:**<br>C25-01456 |
| TO EACH PARTY OR ATTORNEY OF RECORD IN THE ABOVE-ENTITLED CASE, PLEASE BE ADVISED THAT THE ABOVE REFERENCED CASE IS BEING REASSIGNED ON MARCH 2, 2026, FOR ALL PURPOSES TO THE HONORABLE JULIA CAMPINS. | |
| YOU ARE REQUESTED TO ADVISE THE COURT CLERK'S OFFICE OF ANY COUNSEL OF RECORD WHOSE NAME DOES NOT APPEAR BELOW OR ANY ATTACHED NOTICE. | |
| PAUL A ROSENTHAL<br>600 CAMPUS DRIVE<br>FLORHAM PARK NJ 07932<br>EUGENE Y TURIN<br>1089 WILLOWCREEK RD<br>SUITE 200<br>SAN DIEGO CA 92131        eturin@mcgpc.com | |

### SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY

I HEREBY CERTIFY THAT I AM THE CLERK OF THIS COURT, NOT A PARTY TO THIS CAUSE; THAT I SERVED A COPY OF THIS NOTICE ON THE BELOW DATE, BY ELECTRONIC SERVICE TO THE PARTIES OR THEIR COUNSEL OF RECORD AT THE EMAIL ADDRESSES SET FORTH ABOVE AND SHOWN BY THE RECORDS OF THIS COURT, OR, IF A PHYSICAL MAILING ADDRESS IS PRESENT ABOVE, BY PLACING THE DOCUMENT(S) IN AN ENVELOPE FOR COLLECTION AND MAILING, FOLLOWING THE COURT'S ORDINARY BUSINESS PRACTICES FOR COLLECTING AND PROCESSING CORRESPONDENCE FOR MAILING. ON THE SAME DAY THE CORRESPONDENCE IS PLACED FOR COLLECTION AND MAILING, IT IS DEPOSITED IN THE ORDINARY COURSE OF BUSINESS WITH THE UNITED STATES POSTAL SERVICE, IN A SEALED ENVELOPE WITH POSTAGE FULLY PREPAID.

DATE:    2/26/2026       BY:    /s/S. Gonzalez

                                 S. GONZALEZ, DEPUTY CLERK

**Superior Court of California, Contra Costa County**

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



S. Lind
Court Executive Officer

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals,<br><br>    Plaintiff,<br><br> v.<br><br>WebMD LLC,<br><br>    Defendant. | Case No. C25-01456<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Invasion of Privacy Act, Cal. Pen. Code § 631**<br>2. **Violation of California Invasion of Privacy Act, Cal. Pen. Code § 632**<br>3. **Intrusion Upon Seclusion**<br><br>DEMAND FOR JURY TRIAL |

**<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Plaintiff Stacy Penning ("Plaintiff") brings this First Amended Class Action Complaint against Defendant WebMD LLC ("WebMD", or "Defendant") to stop Defendant's unlawful tracking and disclosure of its medicinenet.com website visitors' statutorily protected information and to seek redress for all those who have been harmed by Defendant's misconduct. In particular, Defendant shares the contents of its website visitors' electronic communications with third-party parties without first obtaining valid consent. Plaintiff alleges as follows based on his individual personal

FIRST AMENDED CLASS ACTION COMPLAINT

CASE NO. C25-01456

knowledge, acts, and experiences and as to all other matters, on information and belief, including an investigation by his attorneys.

## NATURE OF THE CASE

1.    This is a class action suit brought against Defendant for privacy violations pursuant to the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code. § 630, *et seq* and California common law.

2.    Defendant, upon information and belief, owns and operates medicinenet.com (the "Website"), which provides a medical dictionary and information about diseases, conditions, medications, and general health to its Website visitors.

3.    Unbeknownst to its Website visitors, Defendant has knowingly installed pixels and other tracking technologies developed by third party advertisers, including tracking technologies developed and made available by Amazon (the "Amazon Trackers"), that intercept, record, and contemporaneously disclose the contents of its Website visitors' electronic communications alongside their personally identifiable information.

4.    Defendant knowingly aides and abets the interception of this information by third-party tracking, analytic, and advertising providers so that they can target specific users with tailored advertisements based on their interactions with Defendant's Website and online website activity.

5.    Critically, Defendant has enabled these third-party trackers to intercept and record its Website visitors' communications without their knowledge or consent. In doing so, Defendant has violated CIPA, and the privacy rights of Plaintiff and the other Class members.

6.    Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of knowingly aiding the interception of its Website visitors' statutorily protected information by third parties.

FIRST AMENDED CLASS ACTION COMPLAINT                    2

CASE NO. C25-01456

## JURISDICTION AND VENUE

7.      This Court has subject-matter jurisdiction over this action pursuant to Cal. Code Civ. Proc. § 410.10 and Article VI, § 10 of the California Constitution.

8.      This Court has personal jurisdiction over Defendant because a substantial part of the events giving rise to the claims asserted herein occurred in this County, as Plaintiff resides in this County and was subject to Defendant's unlawful conduct in this County.

9.      Venue is proper within this judicial district as the acts from which this dispute arose occurred within this judicial district.

## PARTIES

10.     Plaintiff Stacy Penning is a resident of El Cerrito, California.

11.     Defendant WebMD LLC is a corporation formed under the laws of Delaware.

## COMMON FACTUAL ALLEGATIONS

**I.      The California Invasion of Privacy Act**

12.     CIPA was enacted "to protect the right of privacy of the people of [California]." Cal. Penal Code § 630. The California Legislature was concerned about emergent technologies that allowed for "eavesdropping upon private communications," believing such technologies "created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society." *Id.*

13.     As part of CIPA, the California Legislature enacted § 631(a), which prohibits any person or entity from [i] "intentionally tap[ping], or mak[ing] any unauthorized connection … with any telegraph or telephone wire," [ii] "willfully and without the consent of all parties to the communication … read[ing], or attempt[ing] to read, or to learn the contents or meaning of any … communication while the same

is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within [California]," or [iii] "us[ing], or attempt[ing] to use … any information so obtained."

14.    CIPA § 631(a) also penalizes [iv] those who "aid[], agree[] with, employ[], or conspire[] with any person" who conducts the aforementioned wiretapping, or those who "permit" the wiretapping.

15.    § 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *Jee Javier v. Assurance IQ, LLC,* 2022 WL 1744107, at *1 (9th Cir. May 31, 2022).

16.    Individuals may bring an action under CIPA §§ 631 for $5,000 per violation. Cal. Penal Code § 637.2(a)(1).

17.    CIPA § 632(a) similarly prohibits the use of an electronic amplifying or recording device to eavesdrop upon or record a confidential communication.

**II.    Defendant Installed Third-Party Trackers That Intercepted and Disclosed the Contents of Website Visitors' Electronic Communications to Third Parties for their Own Use.**

18.    Defendant operates medicinenet.com, which receives over 7.2 million monthly visits.

19.    Defendant's Website provides a medical dictionary and medical information about diseases, conditions, medications, and other health concerns to its Website visitors.

20.    Information about a person's physical and mental health is among the most confidential and sensitive information in our society, and the mishandling of medical information can have serious consequences, including discrimination in the workplace or denial of insurance coverage. If people do not trust that their medical information will be kept private, they may be less likely to seek medical information and treatment which can lead to more serious health problems. Additionally,

protecting medical information, such as a website user's interaction with an online health resource, or search terms containing medical conditions, is necessary to maintain public trust by entities, like Defendant, that act as a resource.

21.     Unfortunately, Website visitors are not provided notice or asked to consent to Defendant's installation of the third-party trackers that intercept and record the contents of their communications, including the exact text and phrases they type into search box queries, and identifying information disclosing their personal identities.

22.     Specifically, a live data-traffic analysis of Defendant's Website shows that Defendant incorporated and installed third-party tracking technologies into its Website so that whenever its Website visitors interact with Defendant's Website, the contents of their communications are intercepted in real time while in transit by such third parties, including Amazon via the Amazon Trackers.

23.     The Amazon Trackers include a piece of code that online media providers, like Defendant, can integrate into their websites. Once activated, the Amazon Trackers track and record all users' electronic communications and online activity and the type of actions they take on the Website and disseminate that information contemporaneously to Amazon together with unique identifiers that identify Website users.

24.     For example, anytime a Website visitor visits a specific webpage on Defendant's Website, such as a webpage inquiring about pregnancy, the Amazon Trackers capture that information in real-time in the form of a full, descriptive URL request (as shown below), which reveals the exact webpage a user viewed and any relevant search terms the user entered into the Website (here, "can_i_get_pregnant_shortly_after_my_period"):

25.     Further, any time a Website visitor types specific language into a search query on Defendant's Website, such as "pregnancy", the Amazon Trackers capture and record that communication in the form of a URL request (as shown below):

26.     In these ways, the Amazon Trackers installed by Defendant extracts and transmits to Amazon information about the user and their browsing activity that was intended only for Defendant. This includes both information that the user's browser would normally send only to Defendant and additional data that the Amazon Trackers extract from the user's device and browsing session that allows for the

identification of the Website visitor themselves.

27.    All of these transmissions to Amazon occur in real time, contemporaneously with users' interactions with Defendant's Website; i.e., as the webpages load and as users submit searches, click links, or navigate pages. The Amazon Trackers trigger and send these communications to Amazon while users' communications with Defendant's Website are in transit, not after-the-fact.

28.    When intercepted, Amazon processes the intercepted information to identify Website visitors. For example, the Amazon Trackers place Amazon's "ad-id" cookie on Website visitors' browsers, without their knowledge or consent, which cookie with remain on their browsers for at least several months. Amazon uses to this cookie to assign persistent, unique identifiers to Website visitors that it correlates with other information the Amazon Trackers intercept from the visitors' activity on the Website.

29.    The unique, persistent identifiers that Amazon's "ad-id" cookie assigns also follow a user across any websites that implement the Amazon Trackers and across the Amazon.com storefront. As such, unique identifiers assigned by the Amazon Trackers allow Amazon, other data brokers, and advertisers to create a comprehensive profile of an individual used for targeted advertising with no regard to that individual's lack of consent to be profiled in such a manner.

30.    The breadth of information the Amazon Trackers vacuum up across the internet and stitch together into unique, identifiable profiles is alarming. For example, one third-party ad tech watchdog found that more than 6% of all web traffic is tracked by Amazon Adsystem, a scale of operations which provides Amazon with advertising insights into every domain of consumers' lives as the integrations span websites dealing with health, politics, culture, entertainment, and travel, to name a few.

31.    For example, a user could visit the Website at one point, months later

visit WebMD searching for a doctor, and months later, subsequently browse Amazon.com for at-home HIV tests. Following those searches, Amazon would not only be aware that the same individual conducted all three searches, but because Amazon's own eCommerce website records delivery addresses and users' legal names, Amazon can easily re-identify individuals by mapping their "ad-id" cookie value to the legal name and addresses associated with the individual's Amazon shopping or Amazon account generally.

32.    Third parties beyond Amazon can also use the information Amazon intercepts to identify users and enrich its own unique user profiles through a practice called cookie syncing. Cookie syncing occurs, for example, when two different platforms link their respective user identifiers, so that each can recognize the user under a common ID. To illustrate the point, Amazon might know a user by an interna ID stored in its "ad-id" cookie, while another platform knows the same user by a different cookie ID.

33.    Through syncing, Amazon and other platforms can map these IDs together, often by one platform initiating a redirect or pixel call to the other, appending its ID. After syncing, when Amazon sees that user again, it can ask that platform's exchange for that user's profile or include them in an auction, and vice versa. The result is that data about the user is pooled across multiple ad systems, dramatically expanding the breadth of the profile.

34.    Upon information and belief, this cookie syncing occurs on the Website between Amazon on one hand and third-party ad tech companies and data brokers on the other—Pubmatic and Sonobi.

35.    In sum, Defendant aids and abets in the collection and disclosure of contents of its Website visitors' communications, including information specifically identifying each page they view and the exact text and phrases they type into search box queries on Defendant's Website.

36.    Defendant does not, however, obtain Website visitors' prior consent to disclose such information.

37.    Defendant's Website visitors expect that they are communicating directly with Defendant via Defendant's Website only, however, the contents of Website visitors' communications with the Website are, in real time, being disclosed, recorded, intercepted, and used by undisclosed third parties, including Amazon.

38.    As a result, Defendant has violated the CIPA and California common law.

<b><u>FACTS SPECIFIC TO PLAINTIFF</u></b>

39.    Plaintiff is a Website visitor of medicinenet.com and has visited the Website within one year of the filing of this action.

40.    At all relevant times, Plaintiff has been an Amazon account holder and has purchased merchandise on Amazon.com.

41.    Plaintiff has used Defendant's Website from his residence in California to view medical webpage articles, and type phrases into search boxes about specific medical conditions within one year of the filing of this action. Specifically, the medical research Plaintiff conducted on the Website (including the search terms he entered and the articles he reviewed) related to serious medical conditions Plaintiff is affected by. Further, Plaintiff's search terms included descriptions and/or names of the medical conditions affecting him.

42.    Each time Plaintiff interacted with Defendant's Website, Defendant knowingly and intentionally aided and abetted in the interception of, the contents of Plaintiff's electronic communications, including specifically the information about which exact text and phrases he typed into search box queries, as well as information specifically identifying him, to third parties including Amazon.

43.    Plaintiff never specifically and separately consented, agreed, authorized, or otherwise permitted Defendant to aid in the interception of, the contents of his

electronic communications to third parties as set forth herein.

44.    To this day, Plaintiff is unaware of the status of the contents of his electronic communications, to whom it has been disclosed, and who has possession and retained his electronic communications as a result of Defendant's illegal conduct.

45.    After interacting with Defendant's Website, Plaintiff received unsolicited advertisements and marketing emails that were related to his searches and content viewed on Defendant's Website, including receiving advertisements and emails from Amazon and other third parties. This further demonstrates that Amazon used the communications intercepted by its Amazon Trackers for its own independent marketing purposes separate and apart from any marketing that was conducted by Defendant itself.

46.    By installing third party trackers that intercepted the contents of Plaintiff's electronic communications, revealed his interactions with Defendant's Website, and disclosed personally identifying information, Defendant has intentionally and knowingly violated Plaintiff's privacy rights.

47.    As such, Plaintiff is entitled to statutory damages.

**CLASS ALLEGATIONS**

48.    Plaintiff brings this action individually and on behalf of a Class (the "Class") defined as follows:

> Class: All persons within the state of California who, during the relevant limitations period, visited Defendant's Website and typed a phrase into a search box.

49.    Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

50.    Upon information and belief, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is

FIRST AMENDED CLASS ACTION COMPLAINT                    10

CASE NO. C25-01456

impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

51.    Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's privacy violations.

52.    There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a)    Whether Defendant knowingly implemented third party trackers that disclosed the contents of Class members' electronic communications to third parties;

(b)    Whether Class members provided consent to Defendant's use of such third party trackers;

(c)    Whether Defendant aided third parties in the interception of Class members' communications on its Website;

(d)    Whether the Class members are entitled to damages and other relief as a result of Defendant's conduct.

53.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

FIRST AMENDED CLASS ACTION COMPLAINT    11

CASE NO. C25-01456

54.    Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

55.    Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## FRAUDULENT CONCEALMENT AND TOLLING

56.    The applicable statute of limitations are tolled by virtue of Defendant's knowing and active concealment of the facts alleged above. Plaintiff and Class members were ignorant of the information essential to the pursuit of these claims, without any fault or lack of diligence on their own part.

57.    At the time the action was filed, Defendant was under a duty to disclose the true character, quality, and nature of its activities to Plaintiff and the Class. Defendant is therefore estopped from relying on any statute of limitations.

58.    Defendant's fraudulent concealment is common to the Class.


**COUNT ONE**
**Violations of the California Invasion of Privacy Act**
**Cal. Pen. Code § 631(a)**
**(On behalf of Plaintiff and the Class)**


59.    Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

60.    CIPA § 631(a) imposes liability for "distinct and mutually independent

patterns of conduct." *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192-93 (1978). Therefore, to impose liability under CIPA § 631(a), a plaintiff need only establish that the defendant, "by means of any machine, instrument, contrivance, or in any other manner," commits any of the following:

(i) intentionally tapped, or made any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, cable, or instrument of any internal telephonic communication system;

*or*

(ii) willfully and without consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state; or (iii)

uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained;

*or*

(iv) aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit or cause to be done any of the acts or things mentioned above in this section. Cal. Pen. Code. § 631 (a).

61.    The third-party activity tracking technologies Defendant programmed into its Website are each a "machine, instrument, contrivance, or … other manner" used to read or learn the contents or meaning of messages, reports, or communications between Plaintiff and Class members and Defendant.

62.    Defendant's third-party tracking vendors were third parties to communications between Plaintiff and the Class members and Defendant.

63.    Defendants' third-party tracking vendors willfully and without the consent of all parties to the communication, or in any unauthorized manner, read, attempted to read, and/or learned the contents or meaning of electronic communications between Plaintiff and the Class members, on the one hand, and Defendant, on the other, while the electronic communications were in transit or were being sent from or received at a place within California.

64.    Defendant aided and conspired, agreed with, employed, permitted, or otherwise enabled its third-party tracking vendors to wiretap Plaintiff's and the other Class members' contents of their electronic communications using their third-party tracking technologies for their own financial gain. Further, Defendant knew that the third-party tracking technology they installed on their Website would result in the disclosure of user communications to third parties, as increasing their advertising presence on other platforms was one of Defendant's purposes for implementing such technology.

65.    Plaintiff and the Class members did not provide their prior consent to such third parties' access, interception, reading, learning, recording, collection, and usage of their electronic communications. Nor did Plaintiff and the Class members provide their prior consent to Defendant aiding, agreeing with, employing, permitting, or otherwise enabling their third-party vendors' conduct.

66.    Plaintiff and the other members of the Class seek all relief available under Cal. Pen. Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## COUNT TWO
### Violations of the California Invasion of Privacy Act
### Cal. Pen. Code § 632(a)
### (On behalf of Plaintiff and the Class)

67.    Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

FIRST AMENDED CLASS ACTION COMPLAINT          14

CASE NO. C25-01456

68. California Penal Code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500) per violation, or imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment.

69. Therefore, under CIPA, a defendant must show it had the consent of <u>all</u> parties to a communication to record it.

70. Plaintiff's and Class members' specific user input events and choices and information typed on the Website are tracked by Defendant using the third-party trackers, including the Amazon Trackers. The user's affirmative actions, such as inputting information, selecting options, and otherwise communicating with Defendant through the Website constitute communications within the scope of CIPA.

71. At all relevant times, Defendant used a recording device—including the Amazon Trackers—to record Plaintiff's and Class members' internet communications while accessing the Website. These communications were recorded and shared with, and intercepted by, third parties such as Amazon, in an individualized and personally identifiable manner without the authorization and consent of Plaintiff and Class members.

72. Defendant intentionally implemented the third-party trackers into the Website that, without the knowledge and consent of Plaintiff and Class Members, recorded and transmitted the substance of their confidential communications with Defendant to third parties, such as Amazon, in an individualized and personally identifiable manner.

73. Plaintiff and Class Members are residents of California and used their devices to visit the Website within California. As such, Defendant records,

---

disseminates, and intercepts Plaintiff's and Class embers' data, communications, and personal information in California.

74.     Plaintiff and Class Members did not consent to Defendant's actions in implementing the tracking software as described above nor did they consent to Defendant's intentional collection, sharing, and interception of Plaintiff's and Class members' private information as described above.

75.     At all relevant times to this Complaint, Plaintiff and the other Class Members did not know Defendant was engaging in the recording, sharing, and intercepting of information as set forth above, and therefore could not provide consent to have any part of their private and confidential communications and personally identifiable information disclosed by Defendant and intercepted by third parties such as Amazon in a personally identifiable and individualized manner.

76.     The following items constitute "recording device" under CIPA:

a.      The computer codes and programs third parties, such as Amazon, used to track Plaintiff's and Class members' communications while they were navigating the Website; and

b.      The computer codes and programs used by third parties, such as Amazon, to effectuate their tracking and interception of Plaintiff's and Class members' communications while they were using a browser to visit the Website.

77.     Defendant failed to disclose its use of third-party trackers, such as the Amazon Trackers, to track and automatically and simultaneously transmit communications and personally identifiable information in a de-anonymized and disaggregated fashion to third parties, such as Amazon, for advertising purposes.

78.     The private information the third-party trackers, such as the Amazon Trackers, intercept includes the exact text and phrases they type into search box queries, including specific medical conditions that they are researching. This

information relating to Plaintiff's and Class members' health is inherently highly confidential.

79.    As a direct and proximate result of Defendant's violation of CIPA, Plaintiff and the other Class members were injured and suffered damages, a loss of privacy, and loss of the value of their personal information in an amount to be determined at trial.

80.    By disclosing and intercepting Plaintiff's and Class members' private information, Defendant violated Plaintiff's and the other Class members' statutorily protected right to privacy.

81.    As a result of the above violations and pursuant to CIPA Section 637.2, Defendant is liable to each Plaintiff and Class member for the greater of treble actual damages related to their loss of privacy in an amount to be determined at trial or for statutory damages in the amount of $5,000 per violation. Section 637.2 specifically states that "[it] is not a necessary prerequisite to an action pursuant to this section that the plaintiffs has suffered, or be threatened with, actual damages."

82.    Under the statute, Defendant is also liable for reasonable attorney's fees, litigation costs, and injunctive and declaratory relief.

**COUNT THREE**
**Common Law Invasion of Privacy—Intrusion Upon Seclusion**
**(On behalf of Plaintiff and the Class)**

83.    Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

84.    Plaintiff and the other Class members had a reasonable expectation of privacy in communications with Defendant via the Website and the communications platforms and services therein.

85.    Plaintiff and Class members communicated sensitive and protected health-related communications and individually identifiable information that they intended for only Defendant to receive and that they understood would be kept

FIRST AMENDED CLASS ACTION COMPLAINT          17
                                    CASE NO. C25-01456

private.

86.    Defendant's use of third-party trackers that disclosed and intercepted the substance and nature of those communications as described above without the knowledge and consent of Plaintiff and Class members is an intentional intrusion on Plaintiff's and Class members' solitude or seclusion.

87.    Plaintiff and Class members had a reasonable expectation that their communications, identity, health information, and other data would remain confidential and that Defendant would not secretly implement third party trackers that disclosed and intercepted their communications as described above.

88.    Defendant was not authorized to force Plaintiff's and Class members' web browsers to transmit information to third parties, such as Amazon, without their consent or authorization. Likewise, third parties such as Amazon were not authorized to intercept Plaintiff's and Class Members' private communications with Defendant.

89.    As a result of Defendant's actions, Plaintiff and Class members have suffered harm and injury, including but not limited to an invasion of their privacy rights.

90.    Plaintiff and Class members have been damaged as a direct and proximate result of Defendant's invasion of their privacy and are entitled to just compensation, including monetary damages.

91.    Plaintiff and Class members seek appropriate relief for that injury, including but not limited to damages that will reasonably compensate Plaintiff and Class members for the harm to their privacy interests because of Defendant's intrusions upon Plaintiff's and Class members' privacy.

92.    Plaintiff and Class members are also entitled to punitive damages resulting from the malicious, willful, and intentional nature of Defendant's actions, directed at injuring Plaintiff and Class members in conscious disregard of their rights. Such damages are needed to deter Defendant from engaging in such conduct in the

future.

93.    Plaintiff also seeks such other relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of and the Class, pray for the following relief:

1.    An order certifying the Class as defined above;

2.    An order declaring that Defendant's conduct violates CIPA and California common law;

3.    An order enjoining Defendant from continuing to engage in the unlawful conduct and practices described herein;

   a. An order awarding Plaintiff and the Class: (1) actual, statutory, or nominal damages; (2) punitive damages in an amount to be determined at trial; (3) prejudgment interest on all amounts awarded; (4) equitable disgorgement and injunctive relief as pleaded or as the Court may deem proper; and (5) reasonable attorneys' fees, expenses, and costs of suit; and

4.    Award such further relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: February 27, 2026                Respectfully submitted,

STACY PENNING, individually and on behalf of similarly situated individuals

By: /s/ *Eugene Y. Turin*
One of Plaintiff's Attorneys

FIRST AMENDED CLASS ACTION COMPLAINT                19

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com
*Counsel for Plaintiff*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF CONTRA COSTA

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> WebMD LLC, <br><br> Defendant. | Case No. C25-01456 <br> (Assigned to the Hon. Julia Campins) <br><br> **PROOF OF SERVICE BY MAIL** <br><br><br> Complaint Filed: May 27, 2025 <br> Trial Date: Not yet set |

## <u>PROOF OF SERVICE BY MAIL</u>

I am a member of the bar of this court. I am over the age of eighteen years and not a party to the within action. My business address is McGuire Law, P.C., 1089 Willowcreek Road, Suite 200, San Diego, CA 92131.

On February 27, 2026 I served a true and correct copy of the following documents described as:

**FIRST AMENDED CLASS ACTION COMPLAINT**

1

by regular UNITED STATES MAIL by placing a copy thereof in a sealed envelope addressed as shown below. I am readily familiar with the practice of McGuire Law, P.C. for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one business day after the date of deposit for mailing stated in this affidavit.

FAEGRE DRINKER BIDDLE & REATH LLP
Paul A. Rosenthal (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey  07932

Kaylee A. Racs (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East
Los Angeles, California  90067

Attorneys for Defendant
WebMD, LLC


I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 27, 2026, at Chicago, Illinois


_____
Eugene Y. Turin

**PROOF OF SERVICE BY MAIL**

Eugene Y. Turin (SB # 342413)
MCGUIRE LAW, P.C.
1089 Willowcreek Road, Suite 200
San Diego, CA 92131
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com
*Counsel for Plaintiff*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

| | |
|---|---|
| STACY PENNING, individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> WebMD LLC, <br><br> Defendant. | Case No. C25-01456 <br> (Assigned to the Hon. Julia Campins) <br><br> **PROOF OF SERVICE BY MAIL** <br><br><br> Complaint Filed: May 27, 2025 <br> Trial Date: Not yet set |

**PROOF OF SERVICE BY MAIL**

I am a member of the bar of this court. I am over the age of eighteen years and not a party to the within action. My business address is McGuire Law, P.C., 1089 Willowcreek Road, Suite 200, San Diego, CA 92131.

On February 27, 2026 I served a true and correct copy of the following documents described as:

**FIRST AMENDED CLASS ACTION COMPLAINT**

1

by regular UNITED STATES MAIL by placing a copy thereof in a sealed envelope addressed as shown below. I am readily familiar with the practice of McGuire Law, P.C. for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one business day after the date of deposit for mailing stated in this affidavit.

FAEGRE DRINKER BIDDLE & REATH LLP
Paul A. Rosenthal (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey  07932

Kaylee A. Racs (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East
Los Angeles, California  90067

Attorneys for Defendant
WebMD, LLC

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 27, 2026, at Chicago, Illinois

Eugene Y. Turin

**PROOF OF SERVICE BY MAIL**